DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Timothy Colyer appeals from the decision of the Summit County Court of Common Pleas denying his petition for postconviction relief. We affirm.
On September 11, 1996, Colyer was indicted on three counts of felonious sexual penetration, three counts of rape, and three counts of gross sexual imposition. Colyer initially pled not guilty to these charges. On December 11, 1996, as part of a plea agreement, Colyer pled guilty to two counts of gross sexual imposition, in exchange for the remaining counts being dismissed. The Summit County Court of Common Pleas sentenced Colyer to a two year sentence on each count of gross sexual imposition, with the sentences to be served consecutively. No appeal was taken from the conviction and sentence.
On September 3, 1997, Colyer filed a petition for postconviction relief pursuant to R.C. 2953.21.[1] The trial court denied the petition on September 23, 1997. This appeal followed.
In his sole assignment of error, Colyer argues that the trial court erred by denying his petition for postconviction relief. However, this court does not have to address the assignment of error, because the trial court was barred from entertaining Colyer's petition.
R.C. 2953.21(A)(2) states that, if no appeal is taken from sentence, a defendant must file the petition for postconviction relief "no later than one hundred eighty days after the expiration of the time for filing the appeal." Colyer was sentenced on December 11, 1996; his time for appeal expired January 10, 1997. Therefore, the last day Colyer could have timely filed his petition for postconviction relief was July 9, 1997. Colyer did not file his petition until September 3, 1997. Thus, his petition is untimely.
In State v. Alvarez (Apr. 2, 1997), Lorain App. No. 96CA006595, unreported, we said:
 Under Section 2953.23(A) of the Ohio Revised Code, a trial court may not entertain an untimely filed petition for post-conviction relief unless the defendant shows (1) either (a) that he was unavoidably prevented from discovering the facts upon which his petition was based or (b) that, after the 180 days had expired, the United States Supreme Court recognized a new federal or state right that would apply retroactively to him, and unless he shows (2), by clear and convincing evidence, that, but for a constitutional error at trial, he would not have been convicted or, if applicable, he would not have been sentenced to death.
Id. at 4. Colyer's petition for postconviction relief is untimely. Colyer has not demonstrated that he meets any of the criteria set forth above. Therefore, the trial court was precluded from considering this petition. Colyer's assignment of error must be overruled.
Colyer's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ JOHN W. REECE, FOR THE COURT
SLABY, P. J.
BAIRD, J., CONCUR
[1] Colyer's petition was captioned as a motion to correct his sentence. However, such motions are treated as petitions for postconviction relief. State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus.