DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Heriberto Quiles appeals the decision of the Lorain County Court of Common Pleas which denied his Crim.R. 32.1 motion to withdraw his guilty plea on several drug-related charges. We affirm.
On December 11, 1996, the Lorain County Grand Jury indicted Quiles on a number of drug possession and drug trafficking counts, and on one count of engaging in a pattern of corrupt activities, in violation of R.C. 2923.32(A)(1). On December 18, Quiles was arraigned and entered a not guilty plea. Quiles was represented by counsel throughout the trial court proceedings. The State filed several discovery statements, with an extensive list of evidence and summary statements of numerous potential witnesses.
A jury trial was set for October 14, 1997, but on the day of the trial Quiles changed his plea from not guilty to guilty on all charges. Quiles' plea statement included an acknowledgement that it was knowing and voluntary, and included a detailed statement of the maximum penalty associated with each charge. Quiles' counsel also signed the plea statement. On December 15, Quiles was in court with his counsel for his sentencing hearing. The court sentenced him to periods of incarceration which ranged from thirty days to six months for the lesser offenses, and three years for engaging in a pattern of corrupt activities, the sentences to be served concurrently. Quiles did not appeal his conviction or sentence.
On September 17, 1998, Quiles filed a pro se motion for judicial release, pursuant to R.C. 2929.20(B)(1). The court denied this motion on October 2. On November 19, Quiles filed apro se motion to withdraw his guilty plea, pursuant to Crim.R. 32.1, alleging that his counsel was ineffective in advising Quiles to plead guilty. Quiles essentially stated that defense counsel had advised him that the State's evidence against him was overwhelming, and that if he proceeded to trial, Quiles would no doubt get a maximum sentence. Quiles claimed that his counsel had prepared an inadequate defense, despite Quiles' statements to counsel that Quiles did not own the property where the drugs were found and that the owner of that property had pled guilty to the possession charges herself. Attached to Quiles' Crim.R. 32.1 motion was an affidavit of Quiles' co-defendant and friend, Lissette Perdomo, stating that she rented the property in question, that she owned the drugs found therein, and that she had testified in court that Quiles was "in no way involved in any drug activities." Thus, Quiles asserted that he was prejudiced by the ineffective assistance of his counsel, and should be permitted to withdraw his guilty plea. The trial court denied Quiles' motion to withdraw the plea, without any further explanation. Quiles timely filed the instant appeal, asserting a single assignment of error, namely that the trial court erred in failing to permit him to withdraw his guilty plea.
This Court has construed a defendant's Crim.R. 32.1 motion to withdraw his guilty plea, filed after expiration of the time in which a direct appeal must be filed, as a petition for postconviction relief, on the authority of State v. Reynolds
(1997), 79 Ohio St.3d 158, syllabus. State v. Shie (July 23, 1997), Wayne App. No. 96CA0073, unreported, at 2-3. Because the underlying basis for Quiles' motion to withdraw his plea is alleged ineffective assistance of counsel, his motion to withdraw the plea alleges a violation of his constitutional right to effective representation of counsel. Id. at 3.
Motions for postconviction relief are governed by R.C.2953.21. That statute provides that, where no direct appeal has been taken, any motion for postconviction relief must be filed within one hundred and eighty days after the time for a direct appeal has expired. R.C. 2953.21(A)(2). In the instant case, Quiles filed his Crim.R 32.1 motion three hundred thirty-eight days after his sentencing, or three hundred eight days after the time for his direct appeal expired.
R.C. 2953.23 governs untimely postconviction appeals. Division A of this statute provides that the trial court "may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)]" unless the petitioner makes two threshold showings. To satisfy the first required showing, the petitioner must demonstrate that he was "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief." R.C. 2953.23(A)(1)(a).
In his Crim.R. 32.1 motion, Quiles alleged that his counsel had failed to interview potential defense witnesses, but simply encouraged Quiles to plead guilty. Quiles also asserted that, had his counsel been effective, counsel would have conducted interviews with potential defense witnesses, and Quiles would have elected to go to trial. The single piece of evidence that Quiles offered in support of his motion was the affidavit filed by his co-defendant Perdomo, in which she stated that Quiles "was in no way involved in any drug activities."
However, Quiles did not allege that the information in the affidavit was not available to him within the statutory time to file a motion for postconviction relief. Indeed, Quiles asserted in his Crim.R. 32.1 motion that he had informed defense counsel that he had no control over the drugs in question, and that his co-defendant was "charged and sentenced for the said drugs." Even assuming that counsel's performance amounted to ineffective assistance, Quiles has failed to make a threshold showing that he was "unavoidably prevented from discovery of the facts" upon which he relies to make his claim. Consequently, because Quiles failed to make one of the two threshold showings required by R.C.2953.23(A), the trial court was not empowered to entertain his motion to withdraw his guilty plea, and the court appropriately denied the motion.
We overrule Quiles' assignment of error, and affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM R. BAIRD, FOR THE COURT
CARR, J., BATCHELDER, J., CONCUR.