THE STATE OF OHIO, APPELLEE, v.
VASQUEZ, APPELLANT.

(No. L-83-344—Decided March 16,
1984.)

*Anthony G. Pizza,* prosecuting attorney, and *James E. Yavorcik,* for appellee.

*Connie L. Farmer* and *Norman G. Zemmelman,* for appellant.

MCQUADE, J. This is an appeal from the Court of Common Pleas of Lucas County, Ohio. Appellant, Samuel Vasquez, was indicted and convicted on two counts of aggravated robbery with two firearms specifications.

The first count of the indictment charged appellant with the armed robbery of Prange Variety Store on June 17, 1983. The second count of the indictment charged appellant with the aggravated robbery of Dale's Food Market, also on June 17, 1983. Both counts charged appellant with the specification that he had a firearm on or about his person while committing the robberies.

The state did not produce the firearm in either case.

Appellant was sentenced to not less than seven nor more than twenty-five years on each count of aggravated robbery and to three years' actual incarceration on each specification, all four sentences to be served consecutively.

Appellant's first assignment of error is:

"Pursuant to Ohio law, defendant's motion for judgment of acquittal as to the firearms specification should have been granted at the close of the state's evidence since such evidence was insufficient to sustain these convictions as a matter of law."

Appellant argues that the testimony and exhibits introduced at trial are void of any evidence establishing that a "firearm," as defined by R.C. 2923.11(B), was used in the course of these two robberies and that, consequently, the motion for judgment of acquittal should have been granted. Appellant also argues that the convictions on the specifications were not supported by proof beyond a reasonable doubt, in violation of the Due Process Clause of

the Fourteenth Amendment to the United States Constitution.

We find appellant's first assignment of error not well-taken.

R.C. 2929.71 provided, in material part, as follows:

"(A) The court shall impose a term of actual incarceration of three years in addition to imposing * * * an indefinite term of imprisonment pursuant to * * * section 2929.11 of the Revised Code, if both of the following apply:

"(1) The offender is convicted of, or pleads guilty to, any felony other than a violation of section 2923.12 of the Revised Code;

"(2) The offender is also convicted of, or pleads guilty to, a specification charging him with having a firearm on or about his person or under his control while committing the felony. The additional term of actual incarceration shall be served consecutively with, and prior to, the life sentence or the indefinite term of imprisonment.

"* * *

"(D) As used in this section:

"(1) 'Firearm' has the same meaning as in section 2923.11 of the Revised Code."

R.C. 2923.11(B) defines "firearm" as follows:

"* * * [A]ny deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. 'Firearm' includes an unloaded firearm, and any firearm which is inoperable but which can readily be rendered operable."

The aggravated robbery at Prange's Variety Store occurred at about 2:15 p.m. on Friday, June 17, 1983. Mildred Dagastino and Sandy Heter were working at Prange's Variety Store when a person identified as appellant entered the store, produced a gun and told Dagastino to put her head down on the counter. When she moved too slowly the defendant took his left hand, pushed her head down and said "I have a .357

Magnum, it will blow your head off." Dagastino testified that even with her head down she could see the barrel portion of the gun leaning on the counter, pointed toward her face. Sandra Heter observed a person, identified as the defendant, with a gun to Dagastino's head, and also heard him say "This is a .357 Magnum, it will blow you away."

The aggravated robbery at Dale's Food Market occurred on June 17, 1983 at about 2:30 a.m. A person, later identified as appellant, entered the market, grabbed the manager, Sharon Hartman, put a gun into her ribs and said "Get into the back room." The assailant then grabbed Mrs. Hartman's daughter, Michelle, and pointed a gun at her. Both persons had ample opportunity to observe the firearm. Mrs. Hartman described the barrel as being "longer and a little narrower" than the investigating policeman's firearm. She further described the gun as "metallic black, or very metallic dark green." Her daughter described the gun as: "It had a wooden handle, and it was about so long (indicating), the barrel was really thin, and it was metallic olive green, it was a revolver." Another witness, Shelley Jean Roberts, a customer who happened into the store during the robbery, testified that she saw the handle of the gun as the defendant was putting it away.

In *State* v. *Vondenberg* (1980), 61 Ohio St. 2d 285 [15 O.O.3d 349], the Ohio Supreme Court was called upon to determine the type of proof necessary to be presented by the state to establish the presence of a "deadly weapon," an element of the crime of aggravated robbery pursuant to R.C. 2911.01.

The court stated at 288-289:

"Where there is credible evidence that there was a gun used in a robbery, and when that gun is not available for testing, it is not necessary for the state to prove that the gun could actually fire a projectile in order to sustain a convic-

tion for aggravated robbery. A jury is permitted to infer the deadly nature of an instrument from the facts and circumstances of its use. The state should not be required to produce the weapon in order to secure a conviction for aggravated robbery. To do so would emasculate R.C. 2911.01, and reward those armed robbers who have the fortune to escape the scene of the crime, and the foresight to destroy or conceal the weapons before they are apprehended."

We see no good reason to require a higher degree of proof of a "firearm" than the Supreme Court has required for a "deadly weapon." *Vondenberg, supra.*

In *Vondenberg, supra,* at 288, the Ohio Supreme Court stated:

"In determining this issue, we apply the general evidentiary rule that when direct evidence of a fact, in this instance the use of a deadly weapon, is not obtainable, proper inferences may be drawn from the presentation of other facts."

In the case *sub judice* the testimony that was presented as to the use of the gun during the aggravated robberies was sufficient to allow the jury to make an inference that appellant used a firearm.

The trial court properly denied the appellant's motion for a judgment of acquittal.

Appellant's second assignment of error is:

"Pursuant to the Double Jeopardy Clause, as codified at Section 2941.25(A), Ohio Revised Code, defendant cannot be convicted of both aggravated robbery and a firearms specification where the same conduct by defendant constitutes both of these offenses."

The argument is two-fold. Appellant argues that his conviction for aggravated robbery, pursuant to R.C. 2911.01, and his additional conviction on the firearm specification, pursuant to R.C. 2923.11(B), violates the Double Jeopardy Clause of the Fifth Amendment. Appellant further argues that his conviction for both aggravated robbery and the firearm specification violates R.C. 2941.25.

With respect to appellant's contention that the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States was violated, *Missouri v. Hunter* (1983), 459 U.S. 359, 74 L. Ed. 2d 535, is dispositive. In one trial, the defendant was convicted of first degree robbery, and armed criminal action. The Missouri statute provided that any person who commits any felony under the laws of the state through the use of a dangerous or deadly weapon is also guilty of the crime of armed criminal action, punishable by imprisonment for not less than three years, in addition to the punishment for the felony.

In *Hunter,* the Supreme Court held that the defendant's sentence for both armed criminal action and first degree robbery in a single trial did not violate the Double Jeopardy Clause.

The court stated:

"With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Id.* at 542.

"* * * [S]imply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. The rule of statutory construction noted in *Whaler* [v. *United States* (1980), 445 U.S. 684, 692, whereby cumulative punishments are not permitted 'in the absence of a clear indication of contrary legislative intent,'] is not a constitutional rule requiring courts to negate clearly expressed legislative intent. * * *

"Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecution may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Id.* at 543-544.

From a careful reading of R.C. 2911.01 and 2929.71, we are convinced that the legislature specifically authorized cumulative punishment under those two statutes, whether or not those statutes proscribe the same conduct.

Appellant also urges that conviction of both the felony and the specification violates R.C. 2941.25(A). That section reads:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

Appellant argues that because the firearm charged in the specification was identical to the deadly weapon charged in the indictment, the indictment and the specification are allied offenses of similar import.

Appellant's argument ignores that the specification does not charge a separate criminal offense. As appellee points out, "[t]he law is merely a sentencing provision which requires an enhanced penalty if a specific factual finding is made." Since the specification does not charge a separate offense, and R.C. 2941.25(A) relates to instances where the same conduct of appellant constitutes allied offenses of similar import, the statute is not applicable. *State* v. *Adams* (1978), 53 Ohio St. 2d 223, 226-227 [7 O.O.3d 393], vacated on other grounds (1978), 439 U.S. 811.

Accordingly, appellant's second assignment of error is found not well-taken.

For the foregoing reasons, the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

HANDWORK and WILEY, JJ., concur.

McQUADE, J., of the Fulton County Common Pleas Court, sitting by assignment in the Sixth Appellate District.

WILEY, J., retired, of the Sixth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.