THE STATE OF OHIO, APPELLEE, *v.* SIMS, APPELLANT.

(No. C-830887—Decided July 18, 1984.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Leonard Kirschner* and *Lee Slocum,* for appellee.

*Jane M. Grote,* for appellant.

BLACK, J. This appeal raises the question whether the enhanced penalty of actual incarceration of three years imposed on a defendant who had or used a firearm while committing certain crimes violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

Defendant, Ray Sims, appeals from the judgment below that sentenced him to two consecutive terms of imprisonment for an offense that occurred on June 16, 1983: a definite term of actual incarceration of three years under R.C. 2929.71[1] for having on his person or in his control a firearm while committing felonious assault, to be served consecutively with (and prior to) an indefinite term of imprisonment of three to fifteen years for felonious assault in

---

[1] On June 16, 1983, the date of the offense, R.C. 2929.71 read:

"(A) The court shall impose a term of actual incarceration of three years in addition to imposing a life sentence for aggravated murder or an indefinite term of imprisonment pursuant to section 2929.02 or 2929.11 of the Revised Code, if both of the following apply:

"(1) The offender is convicted of, or pleads guilty to, any felony other than a violation of section 2923.12 of the Revised Code or a felony for which a term of actual incarceration can be imposed pursuant to division (B) of this section;

"(2) The offender is also convicted of, or pleads guilty to, a specification charging him with having a firearm on or about his person or under his control while committing the felony. The additional term of actual incarceration shall be served consecutively with, and prior to, the life sentence or the in-

violation of R.C. 2903.11[2] (causing physical harm to another by means of a deadly weapon). Appellant had pleaded no contest to a single count of felonious assault with a specification of having a firearm. He raised before the trial court the question of the constitutionality of the three-year added penalty under the Double Jeopardy Clause, and his single assignment of error (as interpreted by us) is that the court erred in imposing that penalty because of the unconstitutionality. We find no merit in the assignment of error.

The Double Jeopardy Clause provides "* * * nor shall any person be sub-ject for the same offense to be twice put in jeopardy of life or limb." We note that Section 10 of Article I of the Ohio Constitution provides that "* * * [n]o person shall be twice put in jeopardy for the same offense." Setting aside the applicability of Ohio's constitutional provision because appellant did not raise the issue, the Double Jeopardy Clause of the United States Constitution is enforceable against the states through the Fourteenth Amendment. *Benton* v. *Maryland* (1969), 395 U.S. 784, 794. The Double Jeopardy Clause offers threefold protection for a defendant. "It protects against a second prosecution for the

definite term of imprisonment. If an offender is convicted of, or pleads guilty to, two or more felonies for which a term of actual incarceration must be imposed under this division and of a separate specification for each felony charging him with having a firearm on or about his person or under his control while committing the felony, all of the terms of actual incarceration for all of the felonies shall be served consecutively and prior to any of the life sentences or indefinite terms of imprisonment imposed for the felonies.

"(B) *The court shall impose a term of actual incarceration of three years in addition to imposing an indefinite term of imprisonment pursuant to section 2929.11 of the Revised Code if the offender is convicted of, or pleads guilty to, a violation of division (A)(2) of section 2903.11 or 2903.12, division (A)(1) of section 2911.01, division (A)(2) of section 2911.11, or division (A)(3) of section 2917.02 of the Revised Code for which violation the use of a firearm, or the offender's having a firearm on or about his person or under his control, is an element of the offense. The additional term of actual incarceration shall be served consecutively with, and prior to, the indefinite term of imprisonment.* If an offender is convicted of, or pleads guilty to, two or more violations for which a term of actual incarceration must be imposed under this division, all of the terms of actual incarceration for all of the violations shall be served consecutively and prior to any of the indefinite terms of imprisonment imposed for the violations.

"(C) No person shall be sentenced pur-suant to division (A) of this section unless the indictment, count in the indictment, or information charging him with the offense contains a specification as set forth in section 2941.141 of the Revised Code.

"(D) As used in this section:

"(1) 'Firearm' has the same meaning as in section 2923.11 of the Revised Code;

"(2) 'Actual incarceration' has the same meaning as in division (C) of section 2929.01 of the Revised Code, except that a term of actual incarceration imposed pursuant to this section shall not be diminished pursuant to section 2967.19 of the Revised Code." (Emphasis added.)

[2] On June 16, 1983, R.C. 2903.11 read:

"(A) No person shall knowingly:

"(1) Cause serious physical harm to another;

"(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.

"(B) Whoever violates this section is guilty of felonious assault, an aggravated felony of the second degree. If the deadly weapon that the offender had on or about his person or under his control in violating division (A)(2) of this section was a firearm, as defined in section 2923.11 of the Revised Code, the offender shall be sentenced to a term of actual incarceration of three years and an indefinite term of imprisonment pursuant to division (B) of section 2929.71 of the Revised Code."

same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce* (1969), 395 U.S. 711, 717.

The single issue raised in the instant case falls under the third protection: whether the three-year penalty added by R.C. 2903.11(B) and 2929.71 is unconstitutional because it imposes multiple punishments for the same offense. Appellant argues that only one offense was committed, but two penalties were imposed. His offense was causing serious physical harm with a deadly weapon ("a handgun"). The factor generating the added penalty was that he had "a firearm" while committing the felonious assault. He asserts that he was twice punished for what was, in reality, only one offense. We are not persuaded.

In a case remarkably similar to, if not identical with, our case, the United States Supreme Court held that the imposition in a single trial of cumulative punishments under two criminal statutes proscribing the same conduct does not constitute a violation of the Double Jeopardy Clause. *Missouri* v. *Hunter* (1983), 459 U.S. 359. After an armed robbery of a supermarket, Hunter was convicted of and sentenced for two violations: robbery in the first degree, because he feloniously took property of another by violence to his person or by putting him in fear of immediate injury; and armed criminal action, because the felony was committed by the use of a dangerous or deadly weapon. The

sentencing provisions applicable to the armed criminal action clearly stated that the punishment imposed for this violation shall be in addition to any punishment for crimes committed by use of such a weapon. The Supreme Court acknowledged in *Blockburger* v. *United States* (1932), 284 U.S. 299, 304:

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

The *Blockburger* rule, however, is a rule of statutory construction that serves as a means of discerning the legislative purpose. When that purpose is clearly stated, the *Blockburger* rule does not determine what punishments are constitutionally impermissible. In brief, "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri* v. *Hunter*, 459 U.S. at 366.

In the instant case, R.C. 2903.11 and 2929.71 clearly express the legislative intent that if the offender commits felonious assault by means of a deadly weapon and the deadly weapon on his person or in his control is, specifically, a firearm,[3] then the offender shall be sentenced to a three-year term of actual incarceration to be served prior to (and in addition to) the indefinite

---

[3] The definitions of "deadly weapon," "firearm," and "handgun" are found in R.C. 2923.11, as follows:

"(A) 'Deadly weapon' means any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon.

"(B) 'Firearm' means any deadly

weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. 'Firearm' includes an unloaded firearm, and any firearm which is inoperable but which can readily be rendered operable.

"(C) 'Handgun' means any firearm designed to be fired while being held in one hand."

term of imprisonment for the felonious assault. This is an enhanced penalty for committing a crime of personal injury with a firearm. We perceive no violation of the Double Jeopardy Clause.

In a case that seems to have forecast *Missouri* v. *Hunter, supra,* the Ohio Supreme Court, relying on earlier decisions of the United States Supreme Court, held that the Double Jeopardy Clause is not violated in sentencing a defendant for two dissimilar crimes in a single criminal proceeding when the trial court did not exceed the sentencing authority granted by the General Assembly. *State* v. *Moss* (1982), 69 Ohio St. 2d 515 [23 O.O.3d 447], certiorari denied (1983), 459 U.S. 1200. The two offenses were aggravated murder, charged as a felony murder committed while committing aggravated burglary, and aggravated burglary. The two offenses are not allied offenses of similar import under R.C. 2941.25. Even though they fall within the *Blockburger* rule, because both do not require proof of a fact which the other does not, that rule, said the Supreme Court, does not control and is "entirely inapposite" in a case where the legislature clearly intends to permit cumulative sentencing for the commission of aggravated murder and aggravated burglary arising from one transaction. We note that this case was followed by the Tenth District Court of Appeals in *State* v. *Royster* (1982), 3 Ohio App. 3d 442. We follow it in this case.[4]

---

[4] While the majority opinion in *State* v. *Johnson* (1983), 6 Ohio St. 3d 420, certiorari granted (1984), 79 L.Ed. 2d 228, appears to use the *Blockburger* rule to determine permissible punishments under the Double Jeopardy Clause, the syllabus does not overrule *State* v. *Moss, supra,* and the decision is supportable on other grounds. We do not believe that the Ohio Supreme Court intended to reject a construction of the United States Constitution enunciated by the United States Supreme Court.

Finding no error in the cumulative sentencing, we affirm.

*Judgment affirmed.*

SHANNON, P.J., and PALMER, J., concur.