DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Samuel Buoscio has appealed from an order of the Summit County Court of Common Pleas which denied his motion for postconviction relief. This Court affirms.
 I.
During 1991, Defendant was indicted by the Summit County Grand Jury on one count of aggravated murder, with a firearm specification and one count of having a weapon under disability. On January 6, 1992, upon the State's motion, the trial court amended the aggravated murder count to one count of voluntary manslaughter and dismissed weapon under disability count. Defendant then pleaded guilty to voluntary manslaughter, was convicted and sentenced.
On September 27, 1998, Defendant moved the trial court to vacate that judgment, alleging that he had been denied: (1) Due Process under the Fourteenth Amendment of the United States Constitution, and (2) his rights under Section 10, Article I of the Ohio Constitution. On January 14, 1999, the trial court denied his motion. Defendant has timely appealed asserting one assignment of error.
 II. Defendant's conviction was rendered by a tribunal lacking jurisdiction to convict and sentence [Defendant]; It violates the United States Constitution, Fourteenth Amendment Due Process Clause, the Ohio Constitution, Article I, Section 16 and must be reversed because the trial court was without jurisdiction to amend the original aggravated murder indictment to charge the offense of voluntary manslaughter.
For his assignment of error, Defendant has essentially argued that the trial court did not have the authority to amend the original amendment, and that as a result, the trial court was without jurisdiction and his conviction is void ab initio.
Defendant's request to the trial court was subsequent to his direct appeal and alleged a violation of his constitutional rights. By definition, it was, therefore, a petition for postconviction relief. In State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus, the Ohio Supreme Court held:
 Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.
To begin, this Court notes that Defendant's request is untimely. This Court held in State v. Hilton (Oct. 29, 1997), Summit App. No. 18447, unreported, 1997 Ohio App. LEXIS 4748, at *4-5, that criminal defendants convicted prior September 21, 1995 had until September 21, 1996 to file a petition for postconviction relief. Defendant filed his petition in this action on September 27, 1998, approximately two years after that date. However, a defendant's options are not entirely foreclosed in such circumstances.
Pursuant to R.C. 2953.21(A)(2), a trial court can entertain an untimely-filed petition for postconviction relief if certain conditions are met: (1) the petitioner shows either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner shows by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. See R.C.2953.23(A).
A review of Defendant's petition reveals that he did not meet either of the criteria of R.C. 2953.23(A). Defendant neither showed that he was unavoidably prevented from discovering the facts upon which he relied in his petition, nor showed that any rulings by the United States Supreme Court recognized a new federal or state right that applied to him. Additionally, he failed to show by clear and convincing evidence that, but for the alleged errors, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. As a result, the trial court was not required to entertain his petition, and there is no error in its denial of the same.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE, FOR THE COURT.
BAIRD, P.J., BATCHELDER, J., CONCUR.