OPINION
Petitioner Eric B. Pearson, pro se, appeals the judgment of the Seneca County Court of Common Pleas overruling his "Motion to Vacate a Void Judgment and Void Sentence."
This appeal stems from petitioner's convictions in two rape cases that have been before this Court on multiple occasions. SeeState v. Pearson (1996), 114 Ohio App.3d 153 (Pearson I); State v.Pearson (1996), 114 Ohio App.3d 168 (Pearson II); State v. Pearson
(1998), 130 Ohio App.3d 577 (Pearson I-A); State v. Pearson (June 4, 1999), Seneca App. No. 13-97-49, unreported, 1999 WL 378349 (Pearson II-A). In Pearson I and Pearson II, we held that a blood sample taken from petitioner and utilized at trial had been obtained in violation of the Fourth Amendment to the U.S. Constitution, and reversed the petitioner's convictions. Petitioner was retried in both cases, based in part upon evidence obtained from a second and admissible blood sample, and inPearson I-A and Pearson II-A, we affirmed both convictions.
On March 6, 2000, petitioner filed "motion[s] to vacate a void judgment and void sentence" in both cases. Petitioner's essential contention in both motions was that based on this Court's decisions in Pearson I and Pearson II, his indictments were invalid. Petitioner argued that because this court had held the first blood sample inadmissible, and because the second blood sample had never been presented to the Grand Jury that indicted him, his indictment rested solely on inadmissible evidence and was void. Petitioner further argued that the invalidity of his original indictment deprived the trial court of jurisdiction to convict and sentence him in Pearson I-A and Pearson II-A.
However, the trial court did not address the merits of petitioner's argument. Instead, the trial court determined that petitioner's motions were in fact petitions for post-conviction relief and were therefore governed by R.C. 2953.21.
 (A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 (2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *.
Petitioner's motions were filed five hundred-sixteen days after the trial transcript had been filed in this Court in Pearson
I-A, and four hundred-eight days after the transcript had been filed in this Court in Pearson II-A. Because the motions were filed beyond the one hundred-eighty day time limit of R.C.2953.21, the trial court dismissed both motions based upon R.C.2953.23(A).
 Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
Petitioner now appeals the trial court's dismissal of his motions, and asserts a single assignment of error with the trial court's judgment.
 The trial court committed prejudicial error against appellant when it denied the appellant's meritorious claim(s) presented as motion(s) to vacate a void judgment and void sentence, wherein the trial court lacked subject matter jurisdiction to try, convict and to sentence appellant [, and thereby] violating due process of law afforded to him under the Fifth Amendment and Fourteenth Amendment to the United States Constitution and [also under the] Ohio Constitution and denied the appellant's requested evidentiary hearing(s) and rights to have his claim(s) adjudicated on the merits.
In State v. Reynolds (1997), 79 Ohio St.3d 158, the Ohio Supreme Court held:
 Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21.
 Id., syllabus. Based on Reynolds, we hold that the trial court correctly concluded that petitioner's "motions to vacate void judgment and void sentence" were post-conviction petitions and were required to comport with the procedures established in R.C. 2953.21. Because petitioner's motions were filed far beyond the time limit established by R.C. 2953.21(A)(2), the trial court's decision to them as untimely pursuant to R.C.2953.23(A) was also correct. Moreover, we note that petitioner's claims are premised on an incorrect legal assumption. Petitioner argues that the Grand Jury indicted him based upon evidence later determined to be inadmissible, and therefore the indictment was void because it was based upon excluded evidence. However, the Supreme Court has held that the exclusionary rule does not apply to Grand Jury investigations. See United States v. Calandra (1974),414 U.S. 338. Therefore, even if the trial court had addressed the merits of petitioner's motions and had accepted his factual arguments, petitioner would not be entitled to relief. For these reasons, petitioner's sole assignment of error is overruled, and the judgment of the Common Pleas Court of Seneca County is affirmed.
BRYANT and WALTERS, JJ., concur.