[Cite as *State v. Spears*, 2011-Ohio-1538.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 10-CA-95 |
| COREY S. SPEARS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Licking County Court of
Common Pleas, Case No. 10-CR-195

JUDGMENT:    Affirmed in part; Vacated in part,
and Remanded

DATE OF JUDGMENT ENTRY:    March 30, 2011

APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

BRIAN T. WALTZ    WILLIAM T. CRAMER
Assistant Prosecuting Attorney    470 Olde Worthington Road, Suite 200
Licking County Prosecutor's Office    Westerville, Ohio 43082
20 S. Second St., Fourth Floor
Newark, Ohio 43055

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Corey S. Spears appeals his conviction and sentence entered by the Licking County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE CASE[1]

**{¶2}** On July 7, 2010, Appellant entered a plea of guilty to having a weapon while under disability, in violation of R.C. 2923.13(A)(2); improper handling of a firearm while in a motor vehicle, in violation of R.C. 2923.16(A); and discharging a firearm on or near a prohibited premises, in violation of R.C. 2923.162(A)(3(c)(iii). Appellant further admitted to a firearm specification attached to the second and third counts.

**{¶3}** The trial court sentenced Appellant to a two year term of incarceration on the having weapons under disability charge, a one year term for improperly handling a firearm while in a motor vehicle, a three year term for discharging a firearm on or near a prohibited premises, and a mandatory three year term on the firearm specifications. The court imposed an additional twenty-one month term of post-release control, and ordered the terms of incarceration to run consecutively for a total period of ten years and nine months imprisonment.

**{¶4}** Appellant timely appeals, assigning as error:

**{¶5}** "I. THE TRIAL COURT VIOLATED APPELLANTS' [SIC] STATE AND FEDERAL DOUBLE JEOPARDY PROTECTIONS, STATE AND FEDERAL RIGHTS TO DUE PROCESS, AND R.C. 2941.25 BY FAILING TO MERGE THE ALLIED OFFENSES OF IMPROPER HANDLING OF A FIREARM WHILE IN A MOTOR

---

[1] A rendition of the facts is unnecessary for our disposition of this appeal.

VEHICLE IN VIOLATION OF R.C. 2923.16(A) AND DISCHARGING A FIREARM ON OR NEAR PROHIBITED PREMISES IN VIOLATION OF R.C. 2923.162(A)(3).

**{¶6}** "II. THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL DOUBLE JEOPARDY PROTECTIONS, AND STATE AND FEDERAL RIGHTS TO DUE PROCESS, BY IMPOSING SENTENCE ON THE FIREARM SPECIFICATION WHEN THE FIREARM WAS AN ELEMENT OF ALL THREE OF THE UNDERLYING OFFENSES.

**{¶7}** "III. THE TRIAL COURT ERRED BY INCLUDING IN THE SENTENCING ENTRY A PROVISION THAT APPELLANT IS NOT TO BE CONSIDERED OR RELEASED ON TRANSITIONAL CONTROL."

I.

**{¶8}** In the first assignment of error Appellant argues the trial court erred in not merging the allied offenses of improperly handling a firearm while in a motor vehicle and discharging a firearm on or near a prohibited premises.

**{¶9}** R.C. 2941.25, reads:

**{¶10}** "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

**{¶11}** "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

**{¶12}** Appellant maintains improperly handling a firearm in a vehicle, in violation of R.C. 2923.16(A) and discharging a firearm on or near a prohibited premises, in violation of R.C. 2923.162(A)(3) are allied offenses of similar import.

**{¶13}** R.C. 2923.16(A) reads,

**{¶14}** "(A) No person shall knowingly discharge a firearm while in or on a motor vehicle."

**{¶15}** R.C. 2923.162(A)(3) reads,

**{¶16}** "(A) No person shall do any of the following:

**{¶17}** "***

**{¶18}** "(3) Discharge a firearm upon or over a public road or highway."

**{¶19}** Recently, the Ohio Supreme Court addressed the issue raised herein in *State v. Johnson,* 2010-Ohio-6314, holding,

**{¶20}** "Under R.C. 2941.25, the court must determine prior to sentencing whether the offenses were committed by the same conduct. Thus, the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger.

**{¶21}** "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. *Blankenship,* 38 Ohio St.3d at 119, 526 N.E.2d 816 (Whiteside, J., concurring) ('It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct

will constitute commission of both offenses.' [Emphasis sic]). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

{¶22} "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' *Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J., dissenting).

{¶23} "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

{¶24} "Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge."

{¶25} Based upon the test set forth in *Johnson*, we find improperly handling a firearm while in a motor vehicle and discharging a firearm on or near a prohibited premises to be allied offenses of similar import.  We find both offenses were committed by the same conduct of Appellant, and the offenses correspond to such a degree the commission of one offense constituted commission of the other.

{¶26}  Appellant's first assignment of error is sustained.

II.

{¶27}  In the second assignment of error, Appellant maintains the trial court erred in imposing a sentence on the firearm specification when the firearm was an element of all three underlying offenses.   Appellant cites the Eighth District Court of Appeals'

decision in *State v. Elko*, 2004-Ohio-5209.  This Court specifically rejected the holding

in *Elko* in *State v. Ford*, 2009-Ohio-6724.

**{¶28}** In *Ford,* this Court held,

**{¶29}** "A firearm specification does not charge a separate criminal offense, and

R.C. 2941.25(A) is not applicable. *State v. Vasquez* (1984), 18 Ohio App.3d 92, 94, 481

N.E.2d 640, 643; *State v. Turner* (June 11, 1987), Cuyahoga App. No. 52145,

unreported; *State v. Wiffen* (September 12, 1986), Trumbull App. No. 3560, unreported;

*State v. Price* (1985), 24 Ohio App.3d 186, 188, 493 N.E.2d 1372, 1373. The firearm

specification only comes into play once a defendant is convicted of a felony as set forth

in the statute. *Price,* supra, at 188, 493 N.E.2d 1372. The firearm specification is merely

a sentencing provision which requires an enhanced penalty if a specific factual finding is

made. *Vasquez,* supra, at 95, 481 N.E.2d 640; *Turner,* supra; *Wiffen,* supra.

**{¶30}** "Our conclusion that R.C. 2941.25 does not apply to firearm specifications

is further buttressed by the fact that the legislature has set forth a separate test to

determine when firearm specifications merge. R.C. 2929.14(D)(1)(b) provides that a

court shall not impose more than one prison term on an offender for multiple firearm

specifications if the underlying felonies were committed as part of the same act or

transaction. Although crimes may be part of the same transaction and, therefore, the

firearm specifications merge, it does not necessarily follow that the base charges are

allied offenses of similar import and cannot be run consecutively to each other. *State v.*

*Marshall,* Cuyahoga App. No. 87334, 2006-Ohio-6271, ¶ 36. If R.C. 2941.25(A) was

intended to apply to firearm specifications in the same manner the statute applies to

other criminal offenses, there would be no need for a separate statutory provision for merger of firearm specifications.

**{¶31}** "***

**{¶32}** "Ohio courts have held in accordance with *Missouri v. Hunter* that the sentencing statutes requiring a mandatory, consecutive term of incarceration for a firearm specification indicate a clear legislative intent to impose cumulative punishment under two statutes regardless of whether the statutes proscribe the same conduct, and Double Jeopardy is therefore not violated by a conviction on the underlying offense and the firearm specification. *Vasquez,* supra, at 95, 481 N.E.2d 640; *Turner,* supra; *Price,* supra, at 189, 493 N.E.2d 1372; *State v. Sims* (1984), 19 Ohio App.3d 87, 89-90, 482 N.E.2d 1323; *State v. Cole* (Dec. 20, 1995), Summit App. No. 17064, unreported."

*{¶33}* Based upon the above, Appellant's second assignment of error is overruled.

III.

**{¶34}** In the third assignment of error, Appellant argues the trial court erred in including as part of Appellant's sentencing a provision not to consider transitional control.

**{¶35}** R.C. 2967.26 allows for the creation of a transitional control program for those nearing the end of their prison sentence. The statute reads, in pertinent part,

**{¶36}** "(2) At least three weeks prior to transferring to transitional control under this section a prisoner who is serving a term of imprisonment or prison term for an offense committed on or after July 1, 1996, the adult parole authority shall give notice of the pendency of the transfer to transitional control to the court of common pleas of the

county in which the indictment against the prisoner was found and of the fact that the court may disapprove the transfer of the prisoner to transitional control and shall include a report prepared by the head of the state correctional institution in which the prisoner is confined. The head of the state correctional institution in which the prisoner is confined, upon the request of the adult parole authority, shall provide to the authority for inclusion in the notice sent to the court under this division a report on the prisoner's conduct in the institution and in any institution from which the prisoner may have been transferred. The report shall cover the prisoner's participation in school, vocational training, work, treatment, and other rehabilitative activities and any disciplinary action taken against the prisoner. If the court disapproves of the transfer of the prisoner to transitional control, the court shall notify the authority of the disapproval within thirty days after receipt of the notice. If the court timely disapproves the transfer of the prisoner to transitional control, the authority shall not proceed with the transfer. If the court does not timely disapprove the transfer of the prisoner to transitional control, the authority may transfer the prisoner to transitional control."

{¶37} While the statute does not specifically prohibit the court from denying the transitional control prior to notice, we find to do so clearly thwarts the design and purpose of the statute. The statute is designed to promote prisoner rehabilitation effort and good behavior while incarcerated. To prematurely deny the possibility of transitional control runs contra to those purposes. While the trial court retains discretion to disapprove the transitional control, we find to do so in the sentencing entry prior to notice from the adult parole authority is premature.

{¶38} Appellant's third assignment of error is sustained.

{¶39} Appellant's sentence and convictions for improperly handling a firearm in a motor vehicle and discharging a firearm on or near prohibited premises are vacated and this matter is remanded to the trial court for further proceedings in accordance with the law and this opinion.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                           :
                                                 :
-vs-                                             :            JUDGMENT ENTRY
                                                 :
COREY S. SPEARS                                  :
                                                 :
    Defendant-Appellant                          :            Case No. 10-CA-95

For the reasons stated in our accompanying Opinion, Appellant's sentence and convictions for improperly handling a firearm in a motor vehicle and discharging a firearm on or near prohibited premises are vacated. Appellant's other convictions are affirmed. This matter is remanded to the trial court for further proceedings in accordance with the law and our opinion. Costs to Appellee.

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER

s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY