[Cite as *State v. Braden*, 2018-Ohio-1807.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 17AP-321 |
| | | (C.P.C. No. 98CR-4601) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| David Braden, | : | |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on May 8, 2018

---

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee. **Argued**: *Steven L. Taylor*.

**On brief**: *Timothy Young*, Ohio Public Defender, and *Kathryn L. Sandford*; *Steven M. Brown*, for appellant. **Argued**: *Kathryn L. Sandford*.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, P.J.

{¶ 1} David Braden, defendant-appellant, appeals from the judgment of the Franklin County Court of Common Pleas in which the court entered judgment denying his motion for leave to file a motion for new mitigation trial.

{¶ 2} On August 3, 1998, appellant shot his girlfriend and her father. Appellant was indicted on two counts of aggravated murder with prior calculation and design. Both counts included a "course of conduct" death penalty specification, pursuant to R.C. 2929.04(A)(5), and a firearms specification. The jury convicted appellant as charged and recommended the death penalty on each count. The court held a mitigation hearing. On

July 7, 1999, the trial court sentenced appellant to death on each count, three years of confinement on the firearms specifications, and a $50,000 fine. Appellant appealed his conviction and sentence, and the Supreme Court of Ohio affirmed his conviction and sentence in *State v. Braden*, 98 Ohio St.3d 354, 2003-Ohio-1325.

{¶ 3}   On January 11, 2017, appellant filed a motion for leave to file a motion for new mitigation trial. Attached to the motion for leave was a motion for new trial. In his motion for new trial, appellant claimed Ohio's death penalty statute is unconstitutional because it allows a death sentence based on a mere jury recommendation and independent fact-finding by the trial court. His motion was based on the United States Supreme Court's decision in *Hurst v. Florida*, ____ U.S. ____, 136 S.Ct. 616 (2016), and appellant claimed he could not have filed his motion for leave to file sooner because *Hurst* was not issued until January 12, 2016.

{¶ 4}   On April 6, 2017, the trial court issued a decision in which it denied appellant's motion for a new mitigation trial.  In a brief entry, the trial court indicated the motion was untimely, was barred by res judicata, and *Hurst* did not compel a new mitigation trial in the matter.

{¶ 5}   Appellant appeals the judgment of the trial court, asserting the following assignments of error:

> [I.] The trial court erred in denying Braden's Motion for Leave to File a Motion for a New Mitigation Trial without determining whether Braden was unavoidably prevented from filing his Motion within fourteen days after the verdict as required by Crim.R. 33(B).
>
> [II.]  The trial court erred when it denied Braden's Motion for a New Mitigation Trial when Braden proved that he was sentenced to death under a statutory scheme that violates the Sixth and Fourteenth Amendments of the United States Constitution. *Hurst v. Florida*, __ U.S. __, 136 S.Ct. 616 (2016).

{¶ 6}   We address appellant's assignments of error together. Appellant argues in his first assignment of error the trial court erred when it denied his motion for leave to file a motion for a new mitigation trial without determining whether he was unavoidably prevented from filing his motion within 14 days after the verdict as required by Crim.R. 33(B). Appellant argues in his second assignment of error the trial court erred when it

denied his motion for a new mitigation trial when he proved he was sentenced to death under a statutory scheme that violates the Sixth and Fourteenth Amendments of the United States Constitution.

{¶ 7} We first note that, during oral argument before this court, appellant's counsel acknowledged the trial court did, in fact, grant appellant's motion for leave to file a motion for a new mitigation trial in footnote one of the judgment entry. Therefore, appellant's argument on this issue under his first assignment of error is overruled.

{¶ 8} Appellant filed his motion for new trial pursuant to Crim.R. 33(A)(1), (4), and (5). Crim.R. 33 provides, in pertinent part:

> (A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
>
> (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
>
> * * *
>
> (4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified;
>
> (5) Error of law occurring at the trial.

{¶ 9} On appeal, State of Ohio, plaintiff-appellee, initially counters that a motion pursuant to Crim.R. 33(A) is not available to a defendant facing capital punishment and seeking a new trial limited to the issue of punishment. The state argues appellant is not seeking a new trial but, instead, seeking a new penalty phase hearing. The state asserts appellant's motion must be construed as a post-conviction petition. The state then contends that, even if Crim.R. 33(B) applies here, appellant filed his motion for new trial in an untimely manner because he waited nearly one year after the release of *Hurst* to file the motion.

{¶ 10} However, we find that, assuming arguendo, even if Crim.R. 33(A) applies to the present circumstances, and even if appellant filed his motion in a timely manner under that rule, the trial court properly denied appellant's motion on the basis of res judicata. Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. The applicability of res judicata is a question of law, which an appellate court reviews de novo. *EMC Mtge. Corp. v. Jenkins*, 164 Ohio App.3d 240, 249, 2005-Ohio-5799, ¶ 15 (10th Dist.), citing *Prairie Twp. Bd. of Trustees v. Ross*, 10th Dist. No. 03AP-509, 2004-Ohio-838, ¶ 12.

{¶ 11} Res judicata applies to Crim.R. 33 motions for new trial. *See, e.g., State v. Waddy*, 10th Dist. No. 15AP-397, 2016-Ohio-4911, ¶ 40, citing *State v. Russell*, 10th Dist. No. 04AP-1149, 2005-Ohio-4063, and *State v. Petrone*, 5th Dist. No. 2013 CA 00213, 2014-Ohio-3395; *State v. Fox*, 10th Dist. No. 08AP-704, 2009-Ohio-1327, ¶ 7 (res judicata provides basis for denying motion for new trial pursuant to Crim.R. 33); *State v. Haynes*, 10th Dist. No. 07AP-508, 2007-Ohio-6540, ¶ 7 (no abuse of discretion by the trial court in denying appellant's Crim.R. 33 motion for new trial based on the doctrine of res judicata).

{¶ 12} In the present case, appellant claims res judicata does not preclude his claims because *Hurst* was not decided until 2016, well after his direct appeal and, thus, his counsel could not have raised the applicability of *Hurst* until after it was decided. He contends his counsel cannot be held to the standard of raising issues that were not supported by then-current case law and were not supported by case law until many years later.

{¶ 13} We disagree with appellant's contentions. A change in case law after final judgment does not prevent the application of res judicata. " 'There is no merit to [the] claim that *res judicata* has no application where there is a change in the law due to a judicial decision of this court.' " *State v. Ayala*, 10th Dist. No. 12AP-1071, 2013-Ohio-1875, ¶ 14, quoting *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996). "It is well-established that the application of res judicata is mandatory, even if there is a subsequent change in the law by judicial decision." *State v. Ayers*, 185 Ohio App.3d 168, 2009-Ohio-6096, ¶ 16 (8th Dist.), citing *Szefcyk* at 95. A final judgment does not lose its preclusive res judicata effect

whenever the statute upon which it is based is later declared invalid or unconstitutional. *See State v. Caldwell*, 2d Dist. No. 24333, 2012-Ohio-1091, ¶ 5; *State v. Bolds*, 96 Ohio App.3d 483 (9th Dist.1994) (guilty plea to municipal ordinance had res judicata effect even though ordinance was declared unconstitutional six months later by the Supreme Court of Ohio). Thus, the res judicata consequences of a final judgment on the merits are not altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

{¶ 14} Appellant's claim, in the present case, that his counsel could not have been expected to raise the issues on direct appeal that were addressed years later in *Hurst* is not well-founded. In *State v. Reynolds*, 79 Ohio St.3d 158 (1997), the defendant was convicted of aggravated robbery with a firearm specification. Within one year after his conviction was affirmed by the court of appeals, the Supreme Court decided two cases holding that a firearm specification requires independent proof of operability. The defendant filed a post-conviction petition based on the new rulings, claiming that controlling case law in that appellate district at the time of his direct appeal, *State v. Vasquez*, 18 Ohio App.3d 92 (6th Dist.1984), held that a firearm specification required no independent evidence of operability of the firearm beyond the evidence required to establish the use of a deadly weapon to prove aggravated robbery. The defendant claimed the fact that the law in *Vasquez* was later overturned by the Supreme Court precluded the application of res judicata to a post-conviction motion seeking application of the new case law. Like appellant in the present case, the defendant in *Reynolds* reasoned that because prior case law was not reversed until after his direct appeal, res judicata could not prevent him from seeking application of the new case law because he could not have applied the holding in the new case law to his case before the new case had been decided.

{¶ 15} However, the Supreme Court disagreed, finding:

> [T]here was nothing to prevent [the defendant] from appealing the issues of operability and proof of operability of a firearm. [The defendant] claims that the controlling authority in his appellate district at the time of his appeal was *Vasquez*. However, this did not bar [the defendant] from appealing these issues. Even if the appellate court had cited its own decision in *Vasquez* and found against [the defendant], he

> could have then appealed to this court, which could have
> reversed or modified *Vasquez.*

*Id.* at 161. The court in *Reynolds* continued "[i]n other words, there was nothing that precluded [the defendant] from directly appealing the issues of operability of the firearm and the proof required to show operability. As a result, he is precluded from arguing these issues in a petition for postconviction relief pursuant to *res judicata.*" *Id.* at 162.

{¶ 16} Applying the above concepts to the current case, it is apparent the application of res judicata is not precluded here. Even if it could be said that the Supreme Court's decision in *Hurst* represented a change in case law, such change did not prevent the application of res judicata. Furthermore, appellant could have raised the same issues the defendant in *Hurst* later raised, but he failed to do so. Specifically, appellant could have argued that Ohio's death penalty statute was unconstitutional because it allowed a death sentence based on the mere recommendation of the jury and fact-finding by the trial court. Although, obviously, appellant could not have raised the applicability of *Hurst* on direct appeal, he could have raised the same legal arguments that the defendant raised in *Hurst.* That he did not believe he would have been successful because the then-current state of Ohio law on the issue is of no consequence. For these reasons, we find the trial court did not err when it denied appellant's motion for new trial based on res judicata. Having made such determination, we need not address the applicability of the Supreme Court of Ohio's recent decision in *State v. Mason,* ___ Ohio St.3d ___, 2018-Ohio-1462 to the present case. Therefore, we overrule appellant's first and second assignments of error.

{¶ 17} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER and DORRIAN, JJ., concur.

_____