DECISION AND JOURNAL ENTRY
Appellant-defendant Joseph H. Kellwood appeals from the denial of his motion to withdraw his guilty plea in the Medina County Court of Common Pleas. This Court affirms.
On April 8, 1996, Kellwood pleaded guilty to one count of having a weapon under disability, a violation of R.C. 2923.13, with an accompanying specification pursuant to R.C. 2941.143, and one count of aggravated menacing, a violation of R.C. 2903.21. The trial court subsequently sentenced Kellwood to three to five years imprisonment for the having a weapon under disability count and the specification and six months imprisonment for the aggravated menacing count. These sentences were to run consecutive to the sentences imposed in another case against Kellwood and concurrent to the sentences imposed in a third case against him.
Thereafter, Kellwood moved on February 16, 1999, to modify his sentence or, in the alternative, to withdraw his guilty plea, alleging that his guilty plea had been involuntary. The trial court denied Kellwood's motion to modify his sentence on March 26, 1999, and set the motion to withdraw his guilty plea for a hearing. The state of Ohio moved to dismiss Kellwood's motion on June 4, 1999, arguing that, because the motion fell within the postconviction relief statutory scheme set forth in R.C. 2953.21
and 2953.23, the trial court had no jurisdiction to entertain the motion. The trial court construed the motion as a petition for postconviction relief and overruled the petition on June 25, 1999.
Kellwood timely appeals, asserting a single assignment of error.
 "DID THE LOWER COURT ABUSE ITS DISCRETION BY REFUSING TO WITHDRAW DEFENDANT'S GUILTY PLEA, OR MODIFY THE SENTENCE WHERE THE RECORD CLEARLY DEMONSTRATED THAT: a) THE ORIGINAL GUILTY PLEA WAS ENTERED UNDER "CONTRACT WITH JUDGE JUDITH A. CROSS FOR A MAXIMUM SENTENCE OF TWO TO FIVE YEARS"; and: b) WHERE JUDGE JAMES HENSON HAS DECLARED THAT "THE OHIO PAROLE AUTHORITY IS KEEPING PEOPLE IN FOUR TIMES AS LONG TO PRESERVE ITS OWN EXISTENCE[1]", [sic] OF WHICH BOTH ERRORS IN SENTENCING BASED UPON MISINFORMATION (BY INEFFECTIVE ASSISTANCE OF COUNSEL) TO COERCE A GUILTY PLEA VIOLATE THE EX POST FACTO CLAUSES, THUS CREATING A MANIFESTLY UNJUST SENTENCE THAT SHOULD BE EITHER WITHDRAWN (Crim. R. 32.1) OR MODIFIED ACCORDINGLY (Crim. R. 52(B))."
In addressing Kellwood's assignment of error, this Court need not reach the underlying merits of his arguments. This is so because Kellwood has failed to satisfy the threshold prerequisites for consideration of his motion to withdraw his guilty plea.
The Supreme Court of Ohio has held:
 Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.
 State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. This Court has previously applied Reynolds in holding that a motion to withdraw a plea of guilty filed after the time for direct appeal that seeks vacation of a conviction and sentence on a claimed violation of a defendant's constitutional rights must be construed as a petition for postconviction relief. State v. Lewis (Feb. 9, 1999), Lorain App. No. 98CA007007, unreported; State v. Shie (July 23, 1997), Wayne App. No. 96CA0073, unreported. A claim that a guilty plea was neither knowing nor voluntary is predicated upon constitutional violations. State v. White (Sept. 8, 1999), Lorain App. No. 98CA007036, unreported. Therefore, Kellwood's motion for withdrawal of his guilty plea must be construed as a petition for postconviction relief.
Kellwood filed his petition on February 16, 1999. He had previously been sentenced on July 8, 1996. The sentencing entry was later amended by two nunc pro tunc entries, one journalized on July 10, 1996, and the other journalized on August 27, 1996. Pursuant to R.C. 2953.21(A)(2), in cases in which no direct appeal of the conviction has occurred, a postconviction relief "petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." Kellwood's petition clearly fell outside this time period. Such an untimely petition for postconviction relief is governed by R.C. 2953.23(A), which provides:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
As with the defendants in White, Lewis, and Shie, Kellwood has failed to satisfy the criteria under R.C.2953.23(A) permitting consideration of his petition for relief. Although he complained that his guilty plea was involuntary, Kellwood did not even attempt to show by clear and convincing evidence that, but for the alleged constitutional error, a reasonable factfinder would have found him innocent of the charges to which he pleaded guilty. As such, he failed to satisfy R.C. 2953.23(A)(2).[1]
Accordingly, the trial court was precluded from addressing Kellwood's petition on its merits. See R.C. 2953.23(A).
The judgment of the Medina County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _______________________ DONNA J. CARR
BAIRD, P.J., SLABY, J., CONCUR
[1] Because Kellwood's failure to satisfy R.C. 2953.23(A)(2) is dispositive of this appeal, this Court need not address whether Kellwood also failed to satisfy R.C. 2953.23(A)(1).