DECISION AND JOURNAL ENTRY
Appellant-defendant Angel L. Alvarez appeals from the denial of his motion to withdraw his guilty plea in the Lorain County Court of Common Pleas. This Court affirms.
On June 26, 1995, Alvarez pled guilty to one count of felonious assault in violation of R.C. 2903.11(A)(2), two counts of assault in violation of R.C. 2903.13(A), one count of breaking and entering in violation of R.C. 2911.13(A), one count of carrying a concealed weapon in violation of R.C. 2923.12(A), and one count of resisting arrest in violation of R.C. 2921.33(A). The trial court subsequently sentenced Alvarez to concurrent sentences of seven to twenty-five years on the felonious assault count, three to five years on each assault count, eighteen months on the breaking and entering count, six months on the carrying a concealed weapon count, and ninety days on the resisting arrest count.
Alvarez did not file a direct appeal from these proceedings. Instead, on September 20, 1996, he filed a postconviction relief petition pursuant to R.C. 2953.21. The trial court subsequently denied the petition on September 23, 1996. Alvarez appealed this denial to this Court, which upheld the decision of the lower court in State v. Alvarez (Apr. 2, 1997), Lorain App. No. 96CA006595, unreported. Thereafter, Alvarez filed a Crim.R. 32.1 motion to withdraw his guilty plea on January 11, 2000, in which he alleged that his plea had been involuntary. The trial court denied Alvarez's motion to withdraw his guilty plea on January 20, 2000.
Alvarez timely appeals, asserting two assignments of error.
 Assignment of Error No. I Appellant was misinformed of the consequences of his entering a guilty plea, thus rendering his plea unconstitutional under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, and Article 1 § 10 of the Ohio Constitution.
 Assignment of Error No. II The Trial Court erred in not holding an evidentiary hearing in order to determine if Appellant's rights were violated, in violation of the United States Constitution, Fifth, Sixth, and Fourteenth Amendments, and the Ohio Constitution, Article 1 § 10.
 In addressing Alvarez's assignments of error, this Court need not reach the underlying merits of his arguments. This is so because Alvarez has failed to satisfy the threshold prerequisites permitting consideration of his motion to withdraw his guilty plea.
The Supreme Court of Ohio has held:
 Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.
 State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. This Court has previously applied Reynolds in holding that a motion to withdraw a guilty plea filed after the time for direct appeal that seeks vacation of a conviction and sentence on a claimed violation of a defendant's constitutional rights must be construed as a postconviction relief petition. State v. Lewis (Feb. 9, 1999), Lorain App. No. 98CA007007, unreported; State v. Shie (July 23, 1997), Wayne App. No. 96CA0073, unreported. A claim that a guilty plea was neither knowing nor voluntary is predicated upon constitutional violations. State v. White (Sept. 8, 1999), Lorain App. No. 98CA007036, unreported. Therefore, Alvarez's motion to withdraw his guilty plea must be construed as a postconviction relief petition.
As noted, Alvarez had previously been sentenced on February 15, 1996. He subsequently filed his first postconviction relief petition on September 20, 1996. After this petition proved unsuccessful, several years passed until Alvarez then filed what constitutes his second postconviction relief petition on January 11, 2000. A second or successive postconviction relief petition is governed by R.C. 2953.23(A), which provides:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 As with the defendants in White, Lewis, and Shie, Alvarez has failed to satisfy the criteria under R.C. 2953.23(A) permitting consideration of his petition for relief. Although he complained that his guilty plea was involuntary and that he would have proceeded to trial had he understood the proceedings better, Alvarez did not even attempt to show by clear and convincing evidence that, but for the alleged constitutional error, a reasonable factfinder would have found him innocent of the charges to which he pled guilty. As such, he failed to satisfy R.C. 2953.23(A)(2).[1] Accordingly, the trial court was precluded from addressing Alvarez's petition on its merits. See R.C. 2953.23(A).
The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _______________ DONNA J. CARR FOR THE COURT
BAIRD, P.J., SLABY, J., CONCUR.
[1] Because Alvarez's failure to satisfy R.C. 2953.23(A)(2) is dispositive of this appeal, this Court need not address whether Alvarez also failed to satisfy R.C. 2953.23(A)(1).