DECISION AND JOURNAL ENTRY
Appellant-defendant Richard Mollick appeals from the denials of his motion to withdraw his guilty plea and motion for reconsideration of that denial in the Lorain County Court of Common Pleas. This Court affirms.
Mollick was indicted in 1993 on one count of felonious sexual penetration in violation of R.C. 2907.12(A)(2), and one count of attempted rape in violation of R.C. 2923.02(A)/2907.02(A)(2). Both counts carried a previous aggravated felony specification. Initially Mollick pleaded not guilty, but, he changed his mind after a jury trial had commenced and pleaded guilty to the lesser offense of attempted felonious sexual penetration, attempted rape, and two physical harm specifications. On the morning of sentencing, December 5, 1994, Mollick filed a motion to withdraw his guilty plea. The court denied Mollick's motion and sentenced him accordingly.
In 1996, Mollick filed a motion for shock probation, a motion for reconsideration of his shock probation motion, and a motion for an extension of time to file a postconviction relief petition, all of which were denied by the trial court. In 1997, Mollick petitioned this Court for leave to file a delayed appeal. This Court denied his request. On February 10, 1999, Mollick filed a second motion to withdraw his guilty plea. The trial court denied Mollick's motion on February 24, 1999. Mollick filed a motion for reconsideration of his motion to withdraw his guilty plea on March 4, 1999. The trial court denied the motion on March 11, 1999.
Mollick timely appeals, asserting six assignments of error:
Assignment of Error No. I
 THE PROSECUTOR COMMITTED PREJUDICIAL ERROR WHEN IT INDUCED THE DEFENDANT TO PLEAD GUILTY, BY OFFERING AN INDUCEMENT THAT WAS UNVOLUNTARY [sic] AND UNKNOWINGLY MADE, RENDERING THE SAID PLEA VOID IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION; ARTICLE I, [Section] 1, of the constitution of the STATE OF OHIO; AND [R.C.] 2929.11(B)(2)(b).
Assignment of Error No. II
 THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY COUNSELS [sic] ADVICE FOR AN INNOCENT DEFENDANT TO PLEAD GUILTY WHEN THE STATES [sic] CASE ESTABLISHED REASONABLE DOUBT; BY DENYING THE DEFENDANT HIS RIGHT TO PRESENT WITNESSES IN HIS DEFENSE; BY HIS FAILURE TO FULLY ADVISE THE DEFENDANT OF THE DIRECT CONSEQUENCES OF HIS PLEA: TO WIT, THE PENALTY REQUIRED BY R.C. 
2929.11(B)(2)(b), AND THAT THE DEFENDANT WAS INELIGIBLE FOR CONSIDERATION OF PROBATION; AND BY ADVISING THE DEFENDANT TO ENTER IN TO A CONTRACTUAL AGREEMENT THAT IS VOID AS A MATTER OF LAW AND PUBLIC POLICY; IN VIOLATION OR [sic] THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES; AND ARTTICLE I, [SECTION] 10 AND [SECTION] 16 OF THE CONSTITUTION OF THE STATE OF OHIO; [R.C.] 2929.11(B)(2)(b) AND 2505.02(A)(1); AND [CRIM.R.] 11(C)(2)(a).
Assignment of Error No. III
 THE DEFENDANTS [sic] PLEA IS VOID IN THAT THE TRIAL COURT DID NOT SUBSTANTIALLY COMPLY WITH CRIM.R. 11(C)(2)(a) RESULTING IN THE PLEA BEING INVOLUNTARY AND UNKNOWINGLY MADE IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES; ARTICLE I, 10 AND 16 OF THE CONSTITUTION OF THE STATE OF OHIO; [R.C.] 2505.02(A)(1); [CRIM.R.] 11(C)(2)(a).
Assignment of Error No. IV
 THE STATE PREJUDICED THE DEFENDANT BY FRAUDULENTLY DENYING THE CONDITIONS OF THE PLEA AGREEMENT AND WHAT TRANSPIRED AT THE [CRIM.R.] 11 HEARING; IN ORDER TO UNDERINE THE DEFENDATNTS [sic] REQUEST TO WITHDRAW FROM AN AGREEMENT THAT THE STATE HAD NO AUTHORITY TO MAKE, AS REQUIRED BY LAW IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES; ARTICLE I, [SECTION] 16, ARTICLE II, [SECTION] OF THE CONSTITUTION OF THE STATE OF OHIO; [R.C.] 2505.02(A)(1); [CRIM.R.] 32.1[.]
Assignment of Error No. V
 THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE BY COUNSEL'S ACT OF COLLUSION WITH THE STATE IN REGARDS TO THE DEFENDANT'S ATTEMPT TO WITHDRAW HIS PLEA AND PERFECTING AN APPEAL OF RIGHT WHEN HE HAD A CLEAR DUTY TO HIS CLIENT IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES; AND ARTICLE I, [SECTION] 10 AND [SECTION] 16 OF THE CONSTITUTION OF THE STATE OF OHIO; [R.C.] 2505.02(A)(1); [CRIM.R.] 32.1.
Assignment of Error No. VI
 THE TRIAL COURT PREJUDICED THE DEFENDANT BY NOT AFFORDING HIM FULL AND FAIR CONSIDERATION ON HIS MOTION TO WITHDRAW GUILTY PLEA IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES; ARTICLE I [SECTION] 16 OF THE CONSTITUTION OF THE STATE OF OHIO; [R.C.] 2505.02(A)(1); [CRIM.R.] 32.1[.]
Mollick has failed to satisfy the threshold prerequisites permitting consideration of his motion to withdraw his guilty plea. Therefore, in addressing Mollick's assignments of error, this Court need not reach the underlying merits of his arguments.
The Supreme Court of Ohio has held:
 Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.
 State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. "[A] motion to withdraw a guilty plea filed after the time for direct appeal that seeks vacation of a conviction and sentence on a claimed violation of a defendant's constitutional rights must be construed as a postconviction relief petition. A claim that a guilty plea was neither knowing nor voluntary is predicated upon constitutional violations." (Citations omitted.) State v. Kellwood (Apr. 19, 2000), Medina App. No. 2992-M, unreported. Therefore, Mollick's motion to withdraw his guilty plea must be construed as a postconviction relief petition.
 Mollick had been sentenced on December 5, 1994. He did not file a direct appeal from these proceedings. On February 10, 1999, Mollick filed what constitutes his first postconviction relief petition. Section 3 of Senate Bill 4 provides that a petitioner who was sentenced prior to September 21, 1995, the effective date of the act, may file a petition for postconviction relief pursuant to R.C. 2953.21(A) or within one year of the effective date of the amendments. Therefore, Mollick's petition was required to be filed by September 23, 1996. See State v. Mack (Apr. 29, 1998), Lorain App. No. 97CA006857. Because Mollick did not file his petition for postconviction relief until February 10, 1999, the trial court was barred from entertaining his petition unless Mollick met the requirements set forth in R.C. 2953.23. See State v. Cool (Oct. 13, 1999), Summit App. No. 19329, unreported, appeal not allowed by (1999), 87 Ohio St.3d 1495.
An untimely postconviction relief petition is governed by R.C. 2953.23(A), which provides:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
Mollick has failed to satisfy the criteria under R.C.2953.23(A) permitting consideration of his petition for relief. Mollick complained that his guilty plea was involuntary because he was not aware that his sentence would entail incarceration or that he would not be eligible for probation. He stated that he would not have pleaded guilty had he "known that his only way of release would be by the Grace of the Ohio Adult Parole Authority," and that had he known, he "would have opted to take his chances with the jury." However, Mollick did not allege that he was unavoidably prevented from discovery of the facts upon which he relied to present his claim for relief, or that the United States Supreme Court recognized a new federal or state right that applies retroactively to him, and that his claim is based on that right. As such, he failed to satisfy R.C.2953.23(A)(1).[1]
Accordingly, the trial court was precluded from addressing Mollick's petition on its merits. See R.C. 2953.23(A).
The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT BAIRD, P.J., WHITMORE, J., CONCUR
[1] Because Mollick's failure to satisfy R.C. 2953.23(A)(1) is dispositive of this appeal, this Court need not address whether Mollick also failed to satisfy R.C. 2953.23(A)(2).