DECISION AND JOURNAL ENTRY
Defendant, David Taylor, has appealed from the order of the Lorain County Court of Common Pleas denying his motion to withdraw his guilty plea. We affirm.
On August 6, 1992, Defendant pled guilty to two counts of rape, in violation of R.C. 2907.02(A)(2); and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(1). Defendant was sentenced to five to twenty-five years imprisonment on count one, five to twenty-five years imprisonment on count two, and one year imprisonment on count three. All sentences were to run concurrently. Defendant did not appeal from his sentence. On June 1, 2000, after serving eight years of his sentence, Defendant moved to withdraw his guilty plea. On June 12, 2000, the trial court denied Defendant's motion. Defendant timely appealed and has raised two assignments of error for review. This court shall consider the assignments of error concurrently for ease of discussion.
 ASSIGNMENT OF ERROR I The court erred in not vacating Defendant's plea of guilty.
 ASSIGNMENT OF ERROR II The court abused its discretion in making the decision of June 13, 2000.[1]
In his assignments of error, Defendant has argued that the trial court erred by denying his motion to withdraw his guilty plea. Specifically, Defendant has argued that the trial court erred by failing to hold a hearing on his motion and by failing to set forth findings of fact and law.
In State v. Reynolds (1997), 79 Ohio St.3d 158, the Supreme Court of Ohio held "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." Id. at syllabus. This Court, following the Supreme Court's ruling in Reynolds, has similarly construed a motion to withdraw a guilty plea as a petition for postconviction relief. SeeState v. Lewis (Feb. 9, 1999), Lorain App. No. 98CA007007, unreported, at 4; State v. Shie (July 23, 1997), Wayne App. No. 96CA0073, unreported, at 3. Thus, Defendant's motion to withdraw his guilty plea must be analyzed under R.C. 2953.21.
When a direct appeal is not taken from a judgment, a petition for postconviction relief must be filed no later than one hundred eighty days after the time for filing the notice of appeal expires. R.C.2953.21(A)(2). Untimely petitions may not be entertained by the trial court absent a demonstration that the petitioner "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief" and, but for constitutional error, a reasonable finder of fact would not have rendered a guilty verdict. R.C. 2953.23(A).
Defendant's petition for postconviction relief was filed several years beyond the time limit set forth in law. Defendant did not provide this Court or the trial court with a single reason to explain or justify this delay. He furthermore did not produce or point to any newly discovered evidence as required by the statute. R.C. 2953.23(A)(1)(a). Because Defendant has failed to show that there was any newly discovered evidence, the trial court was not permitted to review his untimely petition for postconviction relief under R.C. 2953.23(A). Since the trial court was not permitted to consider Defendant's petition, it did not err by refusing to hold a hearing on the matter. R.C. 2953.21(E). Furthermore, because the trial court was not permitted to review Defendant's petition for postconviction relief, it did not err in refusing to set forth its findings of fact and law on the matter.
Defendant's assignments of error are without merit and are hereby overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
 ________________________ LYNN C. SLABY
FOR THE COURT, BATCHELDER, P. J., BAIRD, J., CONCUR.
[1] This Court assumes that Defendant is referring to the trial court's denial of his motion to withdraw his guilty plea which was journalized on June 12, 2000, since there is no decision in this matter that was issued on June 13, 2000.