[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 1268.]

THE STATE OF OHIO, APPELLEE, *v*. SCOTT, APPELLANT.

[Cite as *State v. Scott*, 2001-Ohio-111.]

*Criminal law—Aggravated murder—R.C. 2949.28—Defendant appeals denial of his claim that his severe mental illness precludes carrying out death sentence—Discretionary appeal allowed—Stay denied.*

(No. 01-807—Submitted and decided April 30, 2001.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 79506.

————————————

{¶ 1} Upon consideration of the jurisdictional memoranda filed in this case, the court hereby allows the appeal.

{¶ 2} Upon consideration of appellant's motion for stay of execution scheduled for May 15, 2001, pending consideration of Scott's competency to be executed,

{¶ 3} IT IS ORDERED by the court that the motion for stay be, and hereby is, denied.

{¶ 4} IT IS ORDERED by the court, *sua sponte*, that the Clerk of the Court of Appeals for Cuyahoga County shall transmit the record by May 4, 2001.

{¶ 5} IT IS FURTHER ORDERED by the court, *sua sponte*, that the parties file their merit briefs no later than May 8, 2001. No responsive briefs shall be filed.

MOYER, C.J., RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., dissents in part because he would grant the motion for stay.

DOUGLAS, J., dissents.

COOK, J., dissents.

————————————

**DOUGLAS, J., dissenting.**

{¶ 6} Believing that the statute, R.C. 2949.28(A) and (B)(1), was never properly invoked in that there was never any supporting information that would warrant a suggestion of insanity of Jay D. Scott, it is my opinion that the trial court never had appropriate jurisdiction. Accordingly, any appeal to the court of appeals was likewise not proper and since that court had no jurisdiction, there was nothing to appeal to this court wherein our jurisdiction could properly be invoked. Because the majority finds otherwise, I respectfully dissent.

———————————

**COOK, J., dissenting.**

{¶ 7} I respectfully disagree with the majority's decision to allow Scott's appeal and to impose an expedited briefing schedule. This court's review at this stage is *discretionary*, and I would not exercise that discretion in this case.

{¶ 8} Today's decision is flawed in two respects. First, by permitting expedited consideration of this cause, the majority sets in place an unwarranted procedural scheme. Second, the majority has erroneously accepted jurisdiction over issues that cannot be addressed on the merits.

**I**

{¶ 9} As a threshold matter, the majority provides no explanation for its decision to impose an expedited briefing schedule. If a majority of this court deems Scott's propositions of law sufficiently meritorious to warrant review (which I do not, for the reasons discussed *infra*), it is not clear why it chooses to deviate from our usual procedures. An order requiring simultaneous briefing to be completed just one week before Scott's scheduled execution date provides this court with an unnecessarily limited opportunity to assess Scott's claims. Though our rules of practice provide for expedited consideration of election matters, S.Ct.Prac.R. X(9), or appeals involving termination of parental rights or adoption, S.Ct.Prac.R. VI, our rules contain no provision for expedited consideration of death penalty cases.

**II**

**{¶ 10}** On April 10, 2001, Scott filed in the trial court an R.C. 2949.28 "Notice of Apparent Insanity and, in the Alternative, His Motion for a Judicial Determination that It Violates the Ohio and United States Constitutions to Execute a Person with a Diagnosed Severe Mental Illness." R.C. 2949.28, however, does not provide a proper procedural vehicle through which Scott can challenge the constitutionality of executing an individual who has been diagnosed with a severe mental illness such as schizophrenia. Instead, R.C. 2949.28 only provides a vehicle through which an individual sentenced to death can contest the execution of that sentence when he or she is *insane* as defined in R.C. 2949.28(A). The statutory scheme neither provides a movant with the ability to assert alternative constitutional arguments nor empowers the trial court to address such arguments.

**{¶ 11}** But construing the dual nature of Scott's filing in a light most favorable to him, his alternative motion to declare unconstitutional the Ohio death penalty scheme as applied to severely mentally ill individuals is in truth a petition for postconviction relief. This court has previously held that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds* (1997), 79 Ohio St.3d 158, 679 N.E.2d 1131, syllabus. In this instance, Scott in effect argues that his status as a severely mentally ill individual warrants correction of his sentence. And because Scott has previously filed a postconviction relief petition, this court must construe his filing as a *successive* postconviction relief petition under R.C. 2953.23(A).

**{¶ 12}** R.C. 2953.23(A)(1) provides that "a court may not entertain * * * a second petition or successive petitions" unless "[e]ither of the following applies":

"(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.

"(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right."

{¶ 13} Additionally, Scott must also satisfy R.C. 2953.23(A)(2), which provides:

"The petitioner shows by clear and convincing evidence that, but for constitutional error *at trial*, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error *at the sentencing hearing*, no reasonable factfinder would have found the petitioner eligible for the death sentence." (Emphasis added.)

{¶ 14} At a minimum, Scott has failed to satisfy R.C. 2953.23(A)(2), because he does not allege a constitutional error that occurred *at trial*. Instead, the gravamen of his argument is that, because he was subsequently diagnosed as schizophrenic *following* trial, it is unconstitutional to carry out his sentence of death. Scott's failure to satisfy R.C. 2953.23(A)(2) would render moot any analysis of Scott's ability to satisfy the (A)(1) factors.

{¶ 15} Scott arguably tries to overcome the (A)(2) procedural hurdle by arguing that evidence of his mental illness was not presented to the jury, thereby "cast[ing] a dark shadow over the death sentence that was imposed." Scott thus implies that the jury may not have sentenced him to death had it known of his schizophrenia. Assuming *arguendo* that this allegation satisfies R.C. 2953.23(A)(2) by raising a defect "at the sentencing hearing," his successive postconviction relief petition is still procedurally barred for its failure to satisfy R.C. 2953.23(A)(1)(a) or (b). Scott would not satisfy (A)(1)(a) because he cannot establish that he was "unavoidably prevented" from discovering his schizophrenia.

4

Scott's own memorandum in support of jurisdiction admits that "[o]ne prison doctor suggested way back in 1974, nine years before the Vinnie Prince murder, that Mr. Scott 'apparently is psychotic and should perhaps be diagnosed as a chronic schizophrenic.' " And Scott fails to satisfy (A)(1)(b) because he makes no argument that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him. Indeed, Scott seeks a *new* Eighth Amendment rule in this very case, based on what he perceives as "evolving standards of decency" and/or an analogy between his condition and mental retardation.

{¶ 16} Accordingly, by accepting jurisdiction over Scott's propositions of law—propositions that raise his constitutional arguments—this court has accepted jurisdiction over issues that cannot be addressed on the merits. Scott's constitutional arguments were not properly before the trial court, were not properly before the court of appeals, and cannot be properly before this court.

{¶ 17} I would therefore deny leave to appeal and deny Scott's motion for a stay.

————————————

*Betty D. Montgomery*, Attorney General, *David M. Gormley*, State Solicitor, *James V. Canepa*, Assistant Attorney General; *William D. Mason*, Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey*, Assistant Prosecuting Attorney, for appellee.

*Gold, Schwartz & Co., L.P.A.,* and *John S. Pyle; Law Office of Timothy Farrell Sweeney* and *Timothy F. Sweeney*, for appellant.

————————————