DECISION
David Nelms, defendant-appellant, appeals a decision by the Franklin County Court of Common Pleas granting his motion for a nunc pro tunc sentencing entry.
On July 7, 1993, appellant pled guilty to the "offense of attempted aggravated trafficking in violation of 2923.02 O.R.C. as it relates to 2925.03 O.R.C. a felony of the fourth degree." At the time of his guilty plea, appellant also pled guilty to two counts of drug abuse, violations of R.C. 2925.11; and two counts of aggravated trafficking, violations of R.C. 2925.03. The other guilty pleas stemmed from charges filed in three separate criminal cases numbered 91CR-10-6069, 93CR-04-2186, and 93CR-04-2343. The trial court accepted appellant's guilty pleas at a hearing held July 7, 1993.
On July 9, 1993, the trial court sentenced appellant to serve six months in prison. His sentence was to run concurrent to the sentences imposed for the additional guilty pleas. The trial court's judgment entry erroneously stated appellant pled guilty "to the stipulated lesser included offense of Count One of the Indictment, to wit: Aggravated Trafficking, a violation of Section 2923.02 as it relates to Section2925.03 of the Ohio Revised Code, a Felony of the Fourth degree."
On September 18, 2000, appellant filed a "Motion for Nunc Pro Tunc Sentencing Entry." In his motion, appellant stated:
 [T]he [appellant] was convicted of a violation of O.R.C. 2925.03. Because no subsection was added, a conviction under O.R.C. 2925.03 can be construed as various forms of proscribed conduct, but without the subsections of the statute being part of the record, there is no way to determine the precise activity for which [appellant] was convicted. There were additional errors in the Sentencing Entry which are in obvious contradiction to the record.
 The [appellant] requests a hearing on this Motion for the following reasons: (1) The issue involves substantive due process issues which affect the liberty of the [appellant]; (2) The issue involves questions of what the [appellant] understood that [sic] he was pleading guilty to, which can not be determined from a general review of the record.
The trial court granted appellant's motion. On November 21, 2000, a corrected entry was filed by the court, which stated appellant pled guilty to attempted aggravated trafficking. Appellant appeals this decision and presents the following assignment of error:
 THE DEFENDANT'S GUILTY PLEA WAS NOT KNOWINGLY AND VOLUNTARILY ENTERED INTO AND WAS ACCEPTED IN VIOLATION OF CRIM. R. 11 AND DUE PROCESS GUARANTEES UNDER THE STATE AND FEDERAL CONSTITUTIONS.
Appellant argues in his assignment of error that his guilty plea on July 7, 1993 was not knowingly and voluntarily entered. Appellant states in his brief that:
 He now wishes to vacate his plea because the conviction does not properly reflect the nature of the offense that he believed he was pleading guilty to and, as a result of this error, the judgment has been used to improperly classify him as a career offender based upon the failure of the judgment to properly reflect the nature of his conviction and the identity of the offense.
Appellant requests the judgment and sentence of the trial court be vacated.
A nunc pro tunc order may be issued by a trial court as an exercise of its inherent power to make its record speak the truth. State v. Furlong (Feb. 6, 2001), Franklin App. No. 00AP-637, unreported. The common law rule giving courts the power to enter nunc pro tunc orders has been codified by Civ.R. 60(A). McGowan v. Giles (Mar. 16, 2000), Cuyahoga App. No. 76332, unreported. Civ.R. 60(A) states in part:
 Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders.
In the present case, the trial court used its inherent power to correct an error on appellant's sentencing entry. The record reflects appellant pled guilty to attempted aggravated trafficking, not aggravated trafficking. Therefore, the original entry is incorrect in stating appellant pled guilty to aggravated trafficking. Also, the entry contained a clerical error by referring to R.C. 2923.02, which is the "attempt" statute.
The relief appellant is requesting from this court is more than Civ.R. 60(A) relief. Appellant is requesting this court vacate the trial court's sentencing entry on the grounds his guilty plea was not knowingly and voluntarily entered into. Appellant argues in his brief that because he "failed to understand the nature of the charge that he pled guilty to, the plea was constitutionally invalid as it violated the [appellant's] due process protections under the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution."
"Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C.2953.21." State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. Since appellant is requesting this court vacate his conviction based upon alleged constitutional violations (guilty plea was not knowingly and voluntarily entered into), appellant's request is actually a petition for post-conviction relief instead of a motion for a nunc pro tunc entry. Therefore, since appellant's request is really a petition for post-conviction relief, the provisions of R.C. 2953.23 apply.
Prior to the current version of R.C. 2953.21, effective September 21, 1995, the previous post-conviction relief statute allowed a petitioner to file a post-conviction relief petition at any time after his conviction. State v. Rogers (Feb. 17, 2000), Cuyahoga App. No. 76627, unreported, discretionary appeal not allowed (2000), 89 Ohio St.3d 1426. However, Section 3 of Am.Sub.S.B. No. 4 contains a provision extending the time limit for filing a post-conviction relief petition for a defendant convicted prior to September 21, 1995, stating:
 A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act or to an adjudication as a delinquent child and order of disposition issued prior to the effective date of this act shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
"When a petition for post-conviction relief is untimely filed, R.C.2953.21(A)(2) divests a judge of jurisdiction to hear the petition unless the exceptions as put forth in R.C. 2953.23(A)(1) apply." State v. Warren (Dec. 14, 2000), Cuyahoga App. No. 76612, unreported.
A review of the record shows appellant did not file a direct appeal of his conviction and sentence and that he filed his request with the trial court on September 18, 2000. Appellant's request for a nunc pro tunc sentencing entry was timely ("mistakes in judgments * * * may be corrected by the court at any time") and it was proper for the trial court to file a corrected entry. However, the trial court did not have jurisdiction to review appellant's request to vacate his conviction based upon alleged constitutional violations because his request was actually a petition for post-conviction relief. Therefore, it would have been improper for the trial court to vacate appellant's conviction. Appellant cannot use Civ.R. 60(A) as a means to convert a request for a relief from judgment because of a clerical mistake to timely file a petition for post-conviction relief.
Accordingly, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
 _________________ BROWN, J.
PETREE and DESHLER, JJ., concur.