DECISION AND JUDGMENT ENTRY
Larry Sabo appeals the Athens County Court of Common Pleas' decision denying his motion to amend his sentence. Sabo asserts that the trial court denied him due process of law by dismissing his motion to amend his sentence pursuant to R.C. 2929.41, and asserts that his original sentence violates due process of law. Because R.C. 2929.41 does not empower a trial court to amend a sentence, and because Sabo's motion to correct his sentence due to alleged constitutional violations is both untimely and duplicative, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
In December 1983, Sabo drove a car from which a co-defendant shot at two individuals, killing the second. Sabo pled guilty to one count of complicity to attempted aggravated murder and to one count of complicity to aggravated murder. The trial court sentenced Sabo to serve consecutive sentences of seven to twenty-five years on the attempted murder conviction and of twenty years to life on the murder conviction.
Sabo filed numerous appeals to this court and petitions to the trial court. Among them, he filed a direct appeal of his conviction and sentence. We found no merit to that appeal. State v. Sabo (Sep. 5, 1986), Athens App. No. 1273, unreported. Additionally, on June 22, 1990, and on July 17, 1995, Sabo filed petitions to vacate or set aside his sentence pursuant to R.C. 2953.21 et seq. The trial court denied his petitions, and this court likewise found no merit to the petitions. SeeState v. Sabo (Mar. 28, 1991), Athens App. No. 1459, unreported; Statev. Sabo (Nov. 18, 1996), Athens App. No. 95CA1701, unreported.
On December 13, 2000, Sabo filed a motion to amend his sentence and the state filed a motion in opposition. The trial court denied Sabo's motion, finding that it amounted to an untimely petition for post-conviction relief that was barred by res judicata. Sabo appeals, asserting the following assignments of error:
 The trial court erred and abused it's discretion and committed prejudicial reversible error, in dismissing appellant's motion to amend sentence pursuant to R.C. 2929.41, and denied appellant due process of law, under the united states constitutional amendment 14, and ohio constitution amendments article I, § 10 and § 16 (sic).
Appellant's sentences are violative of due process of law, in that they were improperly imposed under ohio law, under the united states constitutional amendment 14, and ohio constitution article I § 10 and § 16 (sic).
 II.
In his first assignment of error, Sabo asserts that the trial court denied him due process of law by dismissing his motion to amend his sentence. In his second assignment of error, Sabo asserts that his sentence itself violates due process of law. We first examine whether the trial court erred in denying Sabo's motion without considering its merits.
Sabo contends that the trial court erred in treating his motion as a petition for post-conviction relief because he filed his motion pursuant to R.C. 2929.41, not R.C. 2953.21. However, R.C. 2929.41 concerns the factors that the trial court is to consider in determining whether to impose multiple sentences consecutively or concurrently. R.C. 2929.41
does not authorize a trial court to revisit a previously imposed sentence. In his motion, Sabo asks the trial court to revisit his sentence on the grounds that the sentence violates due process.
Sabo's petition seeks a correction of his sentence on the basis that his constitutional rights have been violated by the sentence. Thus, although Sabo did not caption his motion as a petition for post-conviction relief, it is a petition for post-conviction relief. Statev. Reynolds (1997), 79 Ohio St.3d 158, 160 ("where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21").
R.C. 2953.23 provides that a court may not entertain (1) a petition filed after the expiration of the statutory time period or (2) a second petition or successive petitions for similar relief. An exception exists if the petitioner: (1) either discovers new facts or is entitled to a right newly recognized by the supreme court and (2) shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted.
Post-conviction relief petitions filed by persons sentenced prior to September 21, 1995 must be filed within the time requirements set forth in R.C. 2953.21(A)(2) or within one year of September 21, 1995, whichever is later. See State v. Vroman, (Apr. 15, 1997), Ross App. No. 96CA2258, unreported. R.C. 2953.21(A)(2) provides that a petition for post-conviction relief must be filed "no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *."
Sabo was sentenced in 1985. Therefore, the latest date Sabo could have timely filed his petition for post-conviction relief was September 21, 1996. Sabo filed his petition on December 13, 2000. Thus, we find that Sabo's petition was untimely.
Additionally, we find that res judicata bars this, Sabo's third, petition for post-conviction relief. In reviewing the denial of Sabo's second petition for post-conviction relief, we quoted the trial court:
 The doctrine of res judicata applies to bar piecemeal raising in successive petitions for post-conviction relief issues which could have been, but were not, raised in a first such petition. State v. Jones (Mar. 3, 1994), Franklin App. No. 93APA10-1378, unreported. Thus, if claims brought in a second petition could have been raised in a first petition, then a showing of `good cause' pursuant to R.C. 2953.23(A) must entail an explanation of why such claims were not advanced in the initial petition. State v. Glenn
(Mar. 17, 1995), Portage App. Nos. 94-P-0005 and 94-P-0018, unreported.
State v. Sabo (Nov. 18, 1996), Athens App. No. 95CA1701, unreported, quoting State v. Sabo (Nov. 7, 1995), Athens C.P. No. 84CR-3-20, unreported.
In this case, Sabo has filed successive petitions for post-conviction relief years beyond the statutorily proscribed deadline. Sabo does not assert that any of the exceptions described in R.C. 2953.23, which require the trial court to deny such a petition, exist. Therefore, we find that the trial court did not err in dismissing Sabo's motion to amend his sentence.
Accordingly, we overrule Sabo's first assignment of error.
 III.
In his second assignment of error, Sabo asserts that his original sentence violates his due process rights. Having found that the trial court properly determined that it was unable to consider the propriety of Sabo's sentence, we find that any examination of the sentence itself is moot. Accordingly, we decline to address Sabo's second assignment of error pursuant to App.R. 12(A)(1)(c).
 IV.
In conclusion, we overrule Sabo's first assignment of error and find his second assignment of error to be moot. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Harsha, J. Concur in Judgment and Opinion.
For the Court
 ___________________________ Roger L. Kline, Judge
NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
 JUDGEMENT ENTRY
It is hereby ordered that the Decision and Judgment Entry previously issued herein be amended, nunc pro tunc, to read as follows.
The following portion of the Decision and Judgment Entry is deleted:
Abele, P.J. and Harsha, J. Concur in Judgment and Opinion.
The following is substituted for the above deleted language:
Abele, P.J., Concur in Judgment and Opinion.
Harsha, J., Concur in Judgment and Opinion as to A/E I,
Concur in Judgment Only as to A/E II.
The remainder of the Decision and Judgment Entry shall remain as originally released August 8, 2001.
All Judges Concur in For the Court
Nun Pro Tunc Entry