This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Allen Johnson, has appealed from the order of the Lorain County Court of Common Pleas denying his petition for postconviction relief. We affirm.
On November 24, 1992, Defendant entered a plea of no contest to one count of felonious assault, in violation of R.C. 2903.11(A)(1), and one count of kidnapping, in violation of R.C. 2901.01(A)(3). The trial court sentenced him accordingly. Defendant timely appealed and this Court affirmed the trial court. State v. Johnson (Aug. 11, 1993), Lorain App. No. 92CA005526, unreported.
Defendant filed a petition for postconviction relief pursuant to R.C.2953.21 on April 25, 1995. The trial court denied Defendant's petition. On August 31, 1995, Defendant timely appealed the trial court's denial of his petition. This Court affirmed the trial court. State v. Johnson
(July 3, 1996), Lorain App. No. 95CA006221, unreported.
On October 10, 2000, Defendant filed a second petition for postconviction relief, styled as a motion to modify sentence. Although not captioned as a petition for postconviction relief, Defendant's petition seeks a correction of his sentence on the basis that his constitutional rights have been violated by the sentence. As such, it is a petition for postconviction relief. State v. Reynolds (1997), 79 Ohio St.3d 158, 160
("where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C.2953.21"). The trial court denied Defendant's motion. Defendant timely appealed and raised two assignments of error for review. However, this Court does not have to address the assignments of error, because the trial court was barred from entertaining Defendant's petition pursuant to R.C. 2953.21 and 2953.23(A).
R.C. 2953.21(A)(2), as amended effective September 21, 1995, provides that where a direct appeal of conviction has been made, a petition for postconviction relief must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]" However, where an individual seeks postconviction relief with respect to a case in which sentence was imposed prior to the September 21, 1995 effective date of the act amending the statute, that individual must either file a petition within the time required in R.C. 2953.21(A)(2) or within one year from the effective date of the act, whichever is later. Section 3, Am.Sub.S.B. No. 4.
Defendant was sentenced prior to September 21, 1995, and his trial transcript was filed in this Court as part of his direct appeal in 1993. Therefore, Defendant's postconviction petition needed to be filed by September 23, 1996. He did not file this petition until October 10, 2000.
As this Court has explained, the untimeliness of a petition triggers analysis under R.C. 2953.23(A), which governs untimely and successive petitions for postconviction relief. See, e.g., State v. Kasubienski
(Nov. 12, 1997) Lorain App. No. 97CA006684, unreported. Pursuant to R.C. 2953.23, a trial court must dismiss an untimely petition unless it meets certain conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United State Supreme Court has, since the deadline for filing his petition, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable fact finder would not have found him guilty but for constitutional error at trial. A review of Defendant's petition reveals that he did not meet the criteria of R.C. 2953.23(A). Accordingly, Defendant's assignments of error are overruled.
Defendant's two assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ LYNN C. SLABY
BATCHELDER, P.J., BAIRD, J. CONCUR.