OPINION
{¶ 1} Defendant-appellant, Dale G. Becker, appeals a Clermont County Court of Common Pleas judgment entry overruling his motion for modification of sentence. The trial court's decision is affirmed.
{¶ 2} In 1991, appellant pled guilty to charges of gross sexual imposition and sexual battery. He was sentenced to consecutive prison terms of four to ten years on the sexual battery charge and to four to ten years on the gross sexual imposition charge. On March 26, 1996, in response to a motion for postconviction relief, the trial court vacated the original sentence for gross sexual imposition and imposed a new sentence of three to five years of imprisonment. Subsequently, on April 9 and September 23, 1996, appellant filed additional motions for postconviction relief under R.C. 2953.21. The judgments denying them were affirmed in separate appeals. See State v. Becker (Feb. 10, 1997), Clermont App. No. CA96-07-057; State v. Becker (Sept. 8, 1997), Clermont App. No. CA97-03-028.
{¶ 3} On October 17, 2001, appellant filed a "motion to modify sentence," alleging that the prison sentences violate R.C. 2941.25. In an entry filed November 5, 2001, the trial court denied the motion without a hearing. Appellant appeals, raising a single assignment of error in which he claims that the trial court erred by overruling his motion. Appellant contends that his sentences are contrary to law and that his trial counsel was ineffective.
{¶ 4} A motion to modify sentence, based on R.C. 2941.25, is a petition for postconviction relief as statutorily defined. See State v.Reynolds, 79 Ohio St.3d 158, 160, 1997-Ohio-304. Appellant's October 17, 2001 petition was his fourth petition for postconviction relief. A court's consideration of successive petitions for postconviction relief is limited by R.C. 2953.23(A) which states as follows:
 {¶ 5} "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
{¶ 6} "(1) Either of the following applies:
 {¶ 7} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 8} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 9} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
{¶ 10} Appellant's petition for postconviction relief fails to satisfy the jurisdictional requirements of R.C. 2953.23(A). The petition does not indicate that appellant was unavoidably prevented from discovery of facts upon which he had to rely to present his claim for relief. Nor does appellant argue that his petition is based upon a new federal or state right that has been recognized by the United States Supreme Court. Thus, appellant has failed to demonstrate that the trial court should have entertained his petition for postconviction relief.
{¶ 11} Since the trial court lacked jurisdiction to consider appellant's claim, it was not required to hold a hearing on the petition, nor was it required to make findings of fact and conclusions of law when denying the motion. See State v. Mootispaw (Apr. 2, 2001), Fayette App. No. CA2000-06-017.
{¶ 12} We find the trial court's dismissal of appellant's petition for postconviction relief was proper. The assignment of error is overruled.
{¶ 12} Judgment affirmed.
YOUNG and BROGAN, JJ., concur.
Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV
of the Ohio Constitution.