DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, James R. Stalnaker, appeals from the decision of the Summit County Court of Common Pleas, which denied his motion for postconviction relief. We affirm.
 I. {¶ 2} In December 2002, Mr. Stalnaker was tried by a jury and convicted of burglary, per R.C. 2911.12(A)(1), a second degree felony. The trial court sentenced him accordingly and appointed counsel to pursue an appeal. However, that counsel did not timely file the appeal.
 {¶ 3} In June 2003, Mr. Stalnaker filed for post-conviction relief in the trial court, based on the appointed appellate counsel's failure to file a timely appeal. The trial court granted the motion, vacated the conviction, appointed new appellate counsel, and imposed a new sentence. Thereupon, Mr. Stalnaker's new counsel timely filed a direct appeal with this Court, asserting two assignments of error: ineffective assistance of trial counsel, and that his conviction was against the manifest weight of the evidence. This Court affirmed the trial court conviction. State v.Stalnaker, 9th Dist. No. 21731, 2004-Ohio-1236.
 {¶ 4} Immediately thereafter, Mr. Stalnaker moved the trial court for postconviction relief pursuant to R.C. 2953.21, alleging ineffective assistance of trial counsel. The trial court denied the motion on the basis of res judicata, stating that Mr. Stalnaker "unsuccessfully presented this same argument to the Ninth District Court of Appeals." The trial court also declined to articulate its findings of fact or conclusions of law. Mr. Stalnaker appealed to this Court from the trial court's denial of this motion, asserting a single assignment of error for review.
 II. Assignment of Error
"The trial court erred when it dismissed appellant stalnaker's petition for post-conviction relief without a hearing."
 {¶ 5} Mr. Stalnaker asserts that the trial court erred and abused its discretion when it denied his motion for post-conviction relief without the benefit of an evidentiary hearing, which would afford him the opportunity to submit proof of his ineffective assistance of counsel claim. We disagree.
 {¶ 6} The Ohio Supreme Court has held that a defendant is barred by the doctrine of res judicata from raising any defense or constitutional claim that was or could have been raised at trial or on direct appeal from his conviction. State v. Reynolds (1997), 79 Ohio St.3d 158, 161. In the present case, Mr. Stalnaker bases this post-conviction relief motion on his assertions that: (1) he had a complete breakdown in communication with his trial counsel; (2) his trial counsel failed to present key witnesses, particularly Karen Snyder; and (3) his trial counsel failed to present an adequate defense, particularly regarding his intoxication or his diabetes. However, on direct appeal, this Court considered and rejected Mr. Stalnaker's claims of ineffective assistance based on the failure to present Karen Snyder and the failure to argue diabetic stupor. See Stalnaker at ¶ 7-9. Furthermore, any breakdown in communication between Mr. Stalnaker and his trial counsel would have been readily apparent at the filing of the direct appeal. See State v. Murphy
(2001), 91 Ohio St.3d 516, 523-24 (looking to the trial court record for evidence of a breakdown in communication). Therefore, we conclude that Mr. Stalnaker now attempts to advance arguments that he did or could have raised on direct appeal. As such, these claims are barred by the doctrine of res judicata. See Reynolds, 79 Ohio St.3d at 161.
 III. {¶ 7} Mr. Stalnaker's sole assignment of error is overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J. Boyle, J. Concur.