OPINION *Page 2 
{¶ 1} Defendant-appellant James Weaver appeals the April 27, 2007 Judgment Entry entered by the Stark County Court of Common Pleas, which denied Appellant's Pro Se Motion to Modify Current Term of Imprisonment to a Term under R.C. 2929.14(A)(2) without a hearing. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On August 2, 1996, the Stark County Grand Jury indicted Appellant on one count of felonious sexual penetration, in violation of R.C. 2907.12(A); and one count of gross sexual imposition, in violation of R.C. 2907.05(A). The State subsequently amended the Indictment, changing the felonious sexual penetration charge to one of an attempt of that offense. In exchange for the amendment, Appellant withdrew his former plea of not guilty and entered a plea of guilty to the charges in the Amended Indictment. The trial court accepted Appellant's plea and found Appellant guilty. The trial court sentenced Appellant to an indeterminate term of incarceration of five to fifteen years on the attempted felonious sexual penetration charge, and a determinate term of two years on the gross sexual imposition charge. The trial court ordered the sentences to run concurrently. Appellant did not file an appeal from his conviction and sentence.
 {¶ 3} On November 9, 1998, Appellant filed a Motion for Supershock Probation pursuant to R.C. 2947.061(B). After conducting a hearing on the motion, the trial court granted Appellant probation for a period of five years. On July 27, 2001, the trial court *Page 3 
revoked Appellant's probation and reimposed the original sentence, with credit for time served. Appellant did not appeal that ruling.
 {¶ 4} On March 6, 2003, Appellant filed a Motion to Reinstate Shock Probation, which the trial court denied via Judgment Entry filed January 29, 2004. On May 17, 2004, Appellant filed a Motion for Judicial Release, which the trial court denied via Judgment Entry filed May 19, 2004. On July 14, 2006, Appellant, through counsel, filed a Motion for Early Judicial Release, which the trial court denied without a hearing.
 {¶ 5} On April 25, 2007, Appellant filed a Pro Se Motion to Modify Current Term of Imprisonment to a Term under R.C. 2929.14(A)(2). The trial court treated Appellant's pro se motion as a motion for judicial release, and denied the same without a hearing via Judgment Entry filed April 27, 2007.
 {¶ 6} It is from that judgment entry Appellant appeals, raising the following assignments of error:
 {¶ 7} "I. TRIAL COURT COMMITTED PALPABLE ERROR, AFOUL DUE PROCESS PRINCIPLES, WHEN IT CONVERTED PRO SE PLEADINGS TO REQUEST FOR JUDICIAL RELEASE.
 {¶ 8} "II. TRIAL COURT DENIED EQUAL PROTECTION OF THE LAWS WHEN IT REFUSED TO MODIFY CONSTITUTIONALLY-OFFENSIVE PUNISHMENT."
 II {¶ 9} Because our disposition of Appellant's second assignment of error is dispositive of this matter, we shall address it first. In the second assignment of error, Appellant maintains the trial court denied his Right of Equal Protection by refusing to modify his constitutionally offensive punishment. Specifically, Appellant argues his *Page 4 
classification as a sexually oriented offender constitutes a violation of the Ex Post Facto Clause.
 {¶ 10} Initially, we note the caption of Appellant's pro se pleading as a Motion to Modify Current Term of Imprisonment to a Prison Term Under R.C. 2929.14(A)(2) does not definitively define the nature of the pleading. State v. Reynolds, 79 Ohio St.3d 158, 1997-Ohio-304. InReynolds, the Ohio Supreme Court found, despite its caption, an appellant's pleading which (1) is filed subsequent to appellant's time for filing a direct appeal; (2) claims the denial of constitutional rights; (3) seeks to render the judgment void or voidable; and (4) asks the trial court to vacate the judgment and sentence, is a petition for post-conviction relief pursuant to R.C. 2953.21(A)(1). Id. at 160.
 {¶ 11} Post-conviction efforts to vacate a criminal conviction or sentence on constitutional grounds are governed by R.C. 2953.21, which provides:
 {¶ 12} "[A]ny person who has been convicted of a criminal offense* * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony, who is an inmate, * * *may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. R.C. 2953.21(A)(1).
 {¶ 13} "Except as provided in section 2953.23 of the Ohio Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date in which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication, or * * * If no appeal is *Page 5 
taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing an appeal." R.C. 2953.21.
 {¶ 14} We find Appellant's motion constitutes a petition for post-conviction relief. Pursuant to R.C. 2953.21, Appellant was required to file his petition no later than one hundred and eighty days after the expiration of the time for filing the appeal of his original conviction and sentence entered November 14, 1996. See, R.C. 2953.21(A)(2). We find Appellant's motion, which was filed more than ten years after the expiration of the appeal period, to be untimely. Accordingly, we find the trial court properly denied Appellant's Motion to Modify Current Term of Imprisonment to a Prison Term Under R.C. 2929.14(A)(2).
 {¶ 15} Further, Appellant's motion is barred by the doctrine of res judicata. It is well-settled "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post conviction relief if he or she could have raised the issue on direct appeal." Reynolds, supra at 161.
 {¶ 16} Appellant's second assignment of error is overruled.
 I {¶ 17} In light of our disposition of Appellant's second assignment of error, we find Appellant's first assignment of error to be moot. *Page 6 
 {¶ 18} The judgment of the Stark County Court of Common Pleas is affirmed.
 Hoffman, P.J., Wise, J. and Edwards, J. concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] A Statement of the Facts underlying Appellant's conviction is not necessary to our disposition of this appeal; therefore, such shall not be included herein. *Page 1